GUIDRY, Judge.
This is a custody rule instituted by plaintiff, Garrison Moreau, against defendant, Nancy Moreau, wherein plaintiff seeks to obtain custody of the parties’ three minor children pending the outcome of divorce proceedings.
The record discloses that Garrison and Nancy Moreau were married on September 10, 1970. Of this marriage three children were bom: Gary, Susan, and Karen, ages seven, five and three respectively at the time this matter was tried. The parties initially separated in October of 1978. Subsequent to the filing of a separation suit by Garrison Moreau, the defendant began dating Jerry Pearson, a married fellow employee. She engaged in an intimate affair with Pearson which continued from November of 1978 to April of 1979. Mrs. Moreau testified that she and Pearson engaged in sexual relations on numerous occasions in her home while the children were present in the house. Additionally, Mrs. Moreau indicated that Pearson on several occasions would take the defendant and her children on fishing trips, picnics, or riding in his automobile. Testimony received at trial indicated that on two occasions, Mrs. Moreau left her children alone and sleeping in the family home while she drove to a nearby parking lot to pick Pearson up and return him to her home. Defendant’s relationship with Pearson ended in April of 1979. In November of 1978, plaintiff and defendant attempted to reconcile. At that time, defendant informed her husband of her extramarital affair with Pearson. Testimony indicates that defendant’s affair with Pearson was a constant source of conflict between the parties which contributed significantly to the resultant failure of their attempted reconciliation. The Moreaus attempted to reconcile on two additional occasions, however, both proved unsuccessful. Subsequently, Garrison Moreau obtained a judgment of separation from bed and board. In the separation judgment Mrs. Moreau was awarded custody of the couple’s three minor children. Plaintiff at that time did not contest the award of custody to Mrs. Mor-eau. In May of 1980, defendant began dating Sam Cerbus. Mrs. Moreau testified that she engaged in sexual relations with Cerbus on numerous occasions in the family home while the children were in the house. The record reflects that Cerbus was involved in family activities and was permitted by defendant to discipline the Moreau children. The defendant testified that she purchased gifts which were given by the Moreau children to Cerbus on Father’s Day. Mrs. Moreau stated that the children presented these gifts to Cerbus while he lay in bed in defendant’s bedroom. Although Cerbus maintained a separate residence and did not contribute to the maintenance of defendant or her children, the record reflects that Cerbus actually resided with the defendant in her home for a period in excess of one month. Upon service of the instant rule, Mrs. Moreau requested that Cerbus remove his belongings from her home and resume living at his own residence. Thus, at the time of the hearing, Cerbus was no longer residing in defendant’s home. Mrs. Moreau testified that she saw nothing wrong with her relationship with Cerbus and that but for the filing of the instant rule, she would not have requested that he move out of her home. Both Mrs. Moreau and Cerbus testified that they plan to marry once defendant’s divorce is final. There is no dispute regarding defendant’s two adulterous relationships.
Plaintiff contends that the defendant has failed in her duty to demonstrate qualities of good moral character and social values to her children. Plaintiff further alleges that *296 defendant’s conduct has subjected the parties’ minor children to embarrassment and that it is in the best interest of the children to award their custody to him. In addition, plaintiff contends that defendant is guilty of neglect in the maintenance, education, and personal hygiene of the children.
Testimony regarding the general appearance, personal hygiene, and behavior of the Moreau children while in the defendant’s custody is the subject of considerable dispute. Three teachers at the Calvary Baptist Day Care Center indicated in their testimony that Susan and Karen Moreau often arrived at school dirty and in need of bathing. Their testimony revealed that teachers at the school washed Karen’s hair each Friday for a six week period. In addition, one teacher stated that school policy required that parents accompany their children inside the school building each morning upon their arrival, however, the Moreau girls generally entered the building alone or accompanied by the oldest child. Gary. One teacher indicated that Karen frequently cried in class. Ms. Rebecca Reed, Gary Moreau’s second grade teacher, testified that Gary’s grades were insufficient to justify passing him onto the third grade. She stated that Gary’s grades improved in some areas during the period of time in which he was receiving special help from his father and that she felt that Gary could become a “B” or “C” student if he worked his hardest.
In conflict with testimony regarding the unkempt and unclean general appearance of the Moreau girls, was that of other employees of the Calvary Baptist Day Care Center, the children’s maternal grandmother, and the director of the day care facility wherein the Moreau girls are presently enrolled. These witnesses testified that the general appearance and personal hygiene of the Moreau children was good. One teacher at Calvary stated that the children were always neat in appearance and properly attired. In addition, testimony from various witnesses indicated that the Moreau children are well behaved and interact appropriately with their peers.
The sole issue on appeal is whether the trial court clearly erred in concluding that the best interest of the Moreau children requires a change of custody from their mother to their father.
In its amendment of LSA-C.C. Art. 157 in 1977, the legislature expressly provided that the sole criterion applicable to change of custody cases is the best interest of the child. See Bordelon v. Bordelon, 390 So.2d 1325 (La.1980). Thus, LSA-C.C. Art. 157 now provides in pertinent part:
“In all cases of separation and divorce, permanent custody of the child or children shall be granted to the husband or the wife, in accordance with the best interest of the child or children...”
The standard of appellate review applicable in child custody matters was recently reiterated in Bordelon, supra, wherein the Supreme Court stated:
“... in child custody cases, the procedure for appellate review is to give great weight to the determination of the trial judge, and to overturn a determination only when there is a clear abuse of discretion. Fulco [v. Fulco, 259 La. 1122, 254 So.2d 603 (1971)], supra; Cleeton v. Cleeton, 383 So.2d 1231 (La.1980). This test is substantially similar to the rule applied by the appellate court, which prevents the upsetting of a trial court determination of fact unless it is ‘clearly wrong’. Arceneaux v. Domingue, 365 So.2d 1330 (La.1979). Under these rules, a conclusion reached by a trial court derived from the facts is entitled to just as much weight as a conclusion that certain evidence establishes a fact.”
The trial court concluded that Mrs. Mor-eau’s two open and public adulterous affairs were conducted with a total disregard of accepted moral and social principles. Further, the trial judge determined that the defendant’s sexual activities were conducted with apparently no concern for the detrimental effect on her children likely to result from such behavior. Defendant’s lack of parental concern and her apparent lack of remorse for her public indiscretions obviously impressed the trial court. Additional *297 ly, in his written reasons for judgment, the trial judge notes that the record reflects that Mrs. Moreau has not properly tended to her children. Apparently, the trial court found the testimony of those witnesses stating that the Moreau children often reported to school unwashed and unkempt more credible than those witnesses who testified to the contrary. Further, the trial court was apparently influenced by the poor academic performance of young Gary Moreau while in his mother’s custody as well as the fact that his grades improved while under this father’s tutelage.
We observe the conflict in the record regarding the maintenance of the Moreau children while in their mother’s custody, however, it is well settled that the trial judge is in the best position to judge the credibility and demeanor of the witnesses while the appellate court must rely upon a “cold record” for its determinations. See Canter v. Koehring Company, 283 So.2d 716 (La.1973); Trosclair v. Trosclair, 337 So.2d 1216 (La.App. 1st Cir. 1976); Harris v. Landry, 345 So.2d 242 (La.App. 3rd Cir. 1977), writ denied La., 347 So.2d 262.
The record indicates that plaintiff has a good job and is capable of providing a financially secure and morally sound environment in which to raise his children.
After considering the voluminous testimony presented in the instant case, the trial judge concluded that plaintiff, Garrison Moreau, is better able to provide the parties’ minor children with a proper moral atmosphere and proper care and accordingly the “best interest of the children” dictates an award of their custody to him. After carefully reviewing the record, we discern no clear abuse of the trial court’s discretion in ordering that the plaintiff have custody of his minor children.
For the above and foregoing reasons, the decision of the trial court is affirmed. All costs of this appeal are assessed to the defendant.
AFFIRMED.