PICKETT, Judge Pro Tem.
This matter is before the court on a suspensive appeal from a trial court judgment wherein certain alleged community debts were stricken from the detailed descriptive list in a suit for partition of the community filed by Debra Gaspard Swilley, appellant herein, and further, wherein certain movable items of property were characterized as community assets.
The record in this case is voluminous and reflects a turbulent separation and divorce.
As a brief background, the court notes from the record that James M. Swilley and Debra Gaspard were married July 10, 1971, in Lafayette, Louisiana, where they established their matrimonial domicile. Three Children were born of the marriage, all of whom are still minors.
Mr. and Mrs. Swilley were physically separated December 23, 1983, legally separated May 10, 1984, and divorced October 18, 1984.
In conjunction with her suit for partition of the community, Mrs. Swilley filed a sworn detailed descriptive list of what she contended constituted the community, both assets and liabilities. Mr. Swilley filed a motion traversing the list, and it is the judgment which resulted from the trial of that motion which Mrs. Swilley now appeals from.
The Trial Court found that the numerous movable items, including furniture and appliances, were gifts to both Debra Gaspard Swilley and James M. Swilley from the generous parents of Mrs. Swilley, and were intended as gifts for both parties and not for Debra Gaspard Swilley alone.
The Trial Court found that of the many sums of money which the parents of Debra Gaspard Swilley had furnished this couple during the thirteen years of their marriage, that only $5,000.00 constituted “loans” and could be considered as community debts.
In giving oral reasons for his decision the Trial Judge made the following comments:
“On the community property, the evidence is obvious that this young lady, Debra, has very, very generous parents. She is very fortunate for that. Most of what was given was obviously given as gifts. They loved their children, they loved their grandchildren, they intended to help their children, and that was the reason they gave it. There was no expectation of repayment. It might have been hoped that at some time their son-in-law would be in a financial position to do for them what they did for him, but the gifts were not made with that expectation in mind. This is corroborated by the fact that, for instance, one of the gifts was an advance payment on insurance funds, and yet, when the insurance funds came in, they made no repayment of any type. Further, a simple notation on any of these checks, “Loan,” would have been corroborating proof, so I don’t see that on except one check. The mother said, and the mother was telling the truth. She took the stand and said, “I would do anything to help my daughter,” and of course, she would. After the fact now that we see the breakup of the marriage, we suddenly see it’s helpful for this daughter to have this large debt on the community so she can claim the asset. In truth and in fact, it was not a debt that anybody reasonably expected to be repaid except two items. Her father testified to one item that I think is correct: Thirty-Five Hundred Dollars ($3,500.00) corroborated by the maid. That was obviously a loan, and it was a community debt, and I recognize it as such. The only other item is a Fifteen *458 Hundred Dollar ($1500.00) cheek with the notation “loan” written on the check. That was a loan. And the endorsement of that check made it a community debt, and therefore, I amend the affidavit filed by Debbie wherein she shows an indebtedness due to Paul Gaspard — I presume that to mean Mr. and Mrs. Paul Gaspard, I meant it to that extent — reduce the amount to Five Thousand Dollars ($5,000.00).
On furniture, all of the furniture, all of the assets given to these people in anticipation of marriage, nobody at that point anticipated divorce. They were not given to Debbie separately. There was no such distinction made. For instance, I was going to allude to the microwave oven. Debbie said they gave her that so she could warm her baby’s bottles. The bottles get just as warm in a community microwave as they do in a separate microwave. That was never such an intention. All of the items listed as assets on either one of the two affidavits is now recognized as community property. All of the debts listed on the affidavit of the husband, Mr. Swilley, are recognized as community debts. All of the debts listed on the affidavit of Mrs. Swilley are also recognized as community debts except as previously stated, the debt owed to Mr. and Mrs. Gaspard is reduced to Five Thousand Dollars ($5,000.00).”
The trial court was in the best position to evaluate the credibility of the witnesses that testified at trial. Pearce v. Pearce, 348 So.2d 75 (La.1977); Walsh v. Walsh 465 So.2d 239 (La.App. 3rd Cir., 1985). Thus the factual findings of the trial court are to be accorded great weight on review and will not be disturbed unless the record shows they are clearly wrong. Arceneaux v. Domingue, 365 So.2d 1330 (La.1978). Our careful examination of the record reflects no clear error.
For the reasons assigned the judgment appealed is affirmed, at appellants costs.
AFFIRMED.