337 So.2d 1216 (1976)
Nancy Gail Wallace TROSCLAIR
v.
Wayne Paul TROSCLAIR.
No. 10846.
Court of Appeal of Louisiana, First Circuit.
September 20, 1976.
Walton J. Barnes, Baton Rouge, of counsel, for Wayne Paul Trosclair.
J. R. Coxe, III, Baton Rouge, of counsel, for Nancy Gail Wallace Trosclair.
Before LANDRY, COVINGTON and PONDER, JJ.
*1217 COVINGTON, Judge:
The parties herein were married July 8, 1972, while Wayne Paul Trosclair, defendant and plaintiff in reconvention, was in the armed forces of the United States. Sometime after he was discharged from military service they began living in Nina or Breaux Bridge. They separated in November of 1974 and reconciled thereafter. Plaintiff, Nancy Gail Wallace Trosclair, left the matrimonial domicile on June 14, 1975. She filed this petition for separation on June 30, 1975, alleging cruel treatment on the part of her husband and that he put her out of the family home on June 14.
Defendant answered and reconvened, denying in his answer the allegations of plaintiff and in reconvention, alleging that his wife, defendant in reconvention failed to perform wifely duties, such as the household chores, and specifically that defendant in reconvention failed and refused on all occasions to maintain the home in a decent and presentable state. He also alleged that she abandoned the matrimonial domicile without just cause and refused to return.
The evidence presented shows that on June 14, 1975, defendant, Wayne Paul Trosclair, returned home, after working four days off-shore at Mallard Well Service, and became highly disturbed upon finding dog excrement on the floor. The testimony shows that defendant did not remove the excrement, but instead waited a few hours until his wife returned from work and reproached her. An argument ensued and plaintiff alleges she was asked to leave, which allegation is corroborated by defendant. However, when she demonstrated her intention to leave he stated that he apologized and asked her not to do so. After trial of the matter, the trial judge rendered judgment on December 16, 1975, which judgment was signed on January 9, 1976, decreeing a separation from bed and board in favor of plaintiff, rejecting the reconventional demands of defendant, plaintiff in reconvention, and ordering him to pay the sum of $200.00 per month as alimony. From the judgment, defendant has perfected this appeal.
Defendant, Wayne Paul Trosclair, herein-after referred to as appellant, assigns the following specifications of error:
1. The trial court manifestly erred in concluding that the defendant's words spoken in anger, immediately followed by an apology, constituted legal fault, therefore giving the plaintiff grounds to leave the matrimonial domicile.
2. The trial court erred in failing to find provocation for defendant and plaintiff in reconvention's angry words in light of the fact that Mrs. Trosclair also spoke in anger.
3. The trial court manifestly erred in failing to allow the defendant-appellant a separation on the grounds of abandonment.
4. In the alternative, the trial court erred in failing to deny to both parties a separation on the grounds of mutual fault.
Appellee has alleged in her petition that she left because her husband put her out of the family home. Appellant contends that his words, admittedly spoken in anger, followed by an apology, would not constitute legal fault sufficient to support a separation from bed and board. We have carefully examined the records and the testimony contained herein, and find that the trial judge had evidence of which he could find fault sufficient to support appellee's allegations of cruel treatment.
Appellee testified that her husband's actions often made her cry and that although she had been asked to leave prior to June 14, 1975, she did not truly feel that appellant wanted her to leave. However, on the date in question, she felt really sure that he didn't want her in his life and therefore she left. James Dean Wallace, James D. Wallace, Jr., and Margaret M. Wallace were called as witnesses for the appellee and corroborated the appellee's testimony that she had left her husband once before. Mrs. Margaret M. Wallace testified that she had occasionally visited with her daughter and son-in-law in their home and that its appearance was in very good shape. She also *1218 corroborated the appellee's testimony of marital discord the week before June 14 and that her daughter had been crying prior to her arrival.
Appellant called Natalie Hall, a former co-employee of appellee, who testified that generally appellee was not cooperative in the matter of cleanliness while working as a hairdresser at Barksdale Beauty Salon.
It is well settled that in the area of domestic relations much discretion must be vested in the trial judge, and particularly in evaluating the weight of evidence which is to be resolved primarily on the basis of the credibility of witnesses, Rayner v. Rayner, 216 La. 1099, 45 So.2d 637 (1950); Sampognaro v. Sampognaro, 211 La. 105, 29 So.2d 581 (1947).
The trial judge, having observed the demeanor of the witnesses in this case is in the better position to rule on their credibility. We find no reason to disturb his decision.
For the foregoing reasons, the judgment appealed from is affirmed at appellant's cost.
AFFIRMED.