348 So.2d 75 (1977)
Ele Waylan PEARCE
v.
Maxine Bailey, wife of Ele Waylan PEARCE.
No. 59842.
Supreme Court of Louisiana.
July 1, 1977.
Garland R. Rolling, Metairie, for defendant-applicant.
John H. Wells, New Orleans, for plaintiff-respondent.
MARCUS, Justice.
Maxine Bailey, wife of Ele Waylan Pearce, obtained a separation from bed and board from her husband, Ele Waylan *76 Pearce, based upon their having lived separate and apart for one year without reconciliation during that time.[1] More than a year and sixty days from the date the judgment of separation was signed, Mr. Pearce filed for divorce pursuant to La.R.S. 9:302.[2] Mrs. Pearce answered the suit praying for an award of permanent alimony. A judgment of absolute divorce was rendered between the parties; the issue of permanent alimony was pretermitted in the judgment. Subsequently Mrs. Pearce filed a rule to show cause against her former husband why he should not be condemned to pay her permanent alimony. She specifically alleged that Mr. Pearce was solely at fault for causing the initial separation in that he had abandoned her. After a hearing, the matter was taken under advisement. Being of the opinion that Mrs. Pearce was free of fault and entitled to alimony under La. Civil Code art. 160, the trial judge ordered that the rule for alimony be made absolute and rendered judgment in favor of Mrs. Pearce and against Mr. Pearce condemning him to pay the sum of $100 per month to his former wife. Mr. Pearce took an appeal from the judgment rendered by the trial court; Mrs. Pearce answered the appeal praying for an increase in the alimony award. Inasmuch as the original panel of the court of appeal was unable to reach a unanimous verdict, the matter was resubmitted on briefs to a panel of five judges,[3] whereupon the court of appeal, by a vote of three to two, set aside the alimony award and remanded the case to the trial court to permit Mrs. Pearce to present further evidence to establish her freedom from fault.[4] Upon Mrs. Pearce's application, we granted certiorari to review the correctness of this judgment.[5]
The record reflects that Mr. and Mrs. Pearce separated after twenty-four years of marriage. At the hearing on the rule for alimony, Mrs. Pearce testified that her husband had abandoned her on January 5, 1971, the couple's wedding anniversary, after an argument concerning their only daughter's choice of a boyfriend. Mrs. Pearce explained that she strongly disapproved of the young man's background and the long hours her daughter was spending at his home. When she discovered that her daughter was still dating the boy, contrary to her promises that she would stop seeing him, Mrs. Pearce became angry and a family argument ensued culminating in the decision of the daughter and Mr. Pearce to pack their things and move out of the house. Other than their disagreements over their daughter's boyfriend, Mrs. Pearce testified that she had always loved her husband and had never given him any cause to abandon her. She firmly denied ever having locked Mr. Pearce out of the house or having thrown his clothes into the yard. Mrs. Pearce candidly admitted that she had suffered from a drinking problem fifteen years earlier but maintained that she had controlled the problem through membership in Alcoholics Anonymous and had not had *77 anything at all to drink of an alcoholic nature for more than a year before Mr. Pearce left home. She indicated that she and her husband belonged to a square dancing club and enjoyed this activity as well as taking rides in the family automobile.
In justification of his abandonment of Mrs. Pearce, Mr. Pearce charged his wife with gross misconduct caused by excessive drinking. Without referring to specific incidents, he claimed that she was moody, would get angry and refuse to speak to him, would throw things, overturn furniture, throw food on the floor and put his clothes out in the yard. He stated that he and his daughter had left home for four days once before for these reasons. Mr. Pearce claimed that the couple's arguments occurred from one to three times a week and that he had never done anything to provoke any of the arguments. He testified that he had abandoned his wife on their anniversary because she was "fussing" and "yelling" at him and their daughter and hitting the daughter in the back seat of the car on the way home from a local restaurant.
Mr. and Mrs. Pearce's daughter, with whom Mr. Pearce was living and sharing expenses at the time of the hearing on the alimony rule, also testified against her mother. She essentially repeated the charges of excessive drinking and misconduct made by her father. Like her father, she gave no explanation for the incident which precipitated her father's leaving home except to attribute the disturbances to drinking. She admitted, however, that her relationship with her boyfriend (whom she had married by the time of the hearing in this case) had been an issue between herself and her mother up to the time she and Mr. Pearce moved out of the house. Despite the frequent references to her mother's drinking problem, the daughter admitted that she had never actually observed her mother drinking. Mr. Pearce similarly acknowledged that he was not sure he had ever seen Mrs. Pearce take a drink during the year before he left her and revealed that he had probably not even seen any liquor in the house during that period of time. Although both father and daughter suggested that Mrs. Pearce's general behavior supported their opinion that she drank excessively, neither reported any specific instances of smelling alcohol, slurred speech, lack of motor coordination, or any other evidence of excessive consumption of alcohol.
La. Civil Code art. 160 provides in pertinent part:
When the wife has not been at fault, and she has not sufficient means for her support, the court may allow her, out of the property and earnings of the husband, alimony which shall not exceed one-third of his income when:
. . . . . .
2. The husband obtains a divorce on the ground that he and his wife have been living separate and apart, or on the ground that there has been no reconciliation between the spouses after a judgment of separation from bed and board, for a specified period of time; or

. . . . . .
We have held that, under this statute respecting an award of alimony to a wife without "fault," the word "fault" contemplates conduct or substantial acts of commission or omission by the wife violative of her marital duties and responsibilities. A wife is not deprived of alimony after divorce simply because she was not totally blameless in the marital discord. Vicknair v. Vicknair, 237 La. 1032, 112 So.2d 702 (1959); Davieson v. Trapp, 223 La. 776, 66 So.2d 804 (1953); Breffeilh v. Breffeilh, 221 La. 843, 60 So.2d 457 (1952); Adler v. Adler, 239 So.2d 494 (La.App. 4th Cir. 1970). To constitute fault, a wife's misconduct must not only be of a serious nature but must also be an independent contributory or proximate cause of the separation. Kendrick v. Kendrick, 236 La. 34, 106 So.2d 707 (1958). The question of a wife's fault under the statute providing for alimony when a wife has not been at fault and has not sufficient means for her support is a factual one. Morgan v. Morgan, 260 So.2d 336 (La.App. 4th Cir. 1972). We have recognized that a trial court's findings *78 of fact on the issue of a wife's "fault" will not be disturbed on appeal unless found to be manifestly erroneous. Williams v. Williams, 215 La. 839, 41 So.2d 736 (1949); Fletcher v. Fletcher, 212 La. 971, 34 So.2d 43 (1948). In the area of domestic relations, much discretion must be vested in the trial judge and particularly in evaluating the weight of evidence which is to be resolved primarily on the basis of the credibility of witnesses. The trial judge having observed the demeanor of the witnesses is in the better position to rule on their credibility. Trosclair v. Trosclair, 337 So.2d 1216 (La. App. 1st Cir. 1976). The factual findings of the trial court are therefore to be accorded very substantial weight on review. Gilberti v. Gilberti, 338 So.2d 971 (La.App. 4th Cir. 1976).
After carefully reviewing the record, we are unable to say that the trial judge abused his discretion in weighing the evidence and awarding alimony to Mrs. Pearce. The vague and unsubstantiated charges of excessive drinking and gross misconduct on the wife's part were specifically contradicted by her own denial of consumption of alcohol prior to her husband's leaving home and her assertions that the primary cause of family strife was not difficulty between herself and her husband, but disapproval of her daughter's companion. Under the particular facts and circumstances of this case and in view of the conflicting testimony, we are satisfied that the trial judge's ruling on the wife's freedom from fault is adequately supported by the record and is not manifestly erroneous. Accordingly, we reverse the judgment of the court of appeal which set aside the ruling of the trial court and remanded the case for presentation of further evidence.
The trial judge awarded Mrs. Pearce alimony in the amount of $100 per month. The amount necessary for maintenance of a divorced wife is to be determined by the circumstances of each particular case. Frederic v. Frederic, 302 So.2d 903 (La.1974); Brown v. Harris, 225 La. 320, 72 So.2d 746 (1954). In fixing the amount of support, the trial judge is vested with considerable discretion. Ducote v. Ducote, 339 So.2d 835 (La.1976). We are unable to say that the trial judge abused his discretion in the instant case in fixing the alimony award at $100 per month.

DECREE
For the reasons assigned, the judgment of the court of appeal is reversed and set aside and the judgment of the district court awarding Maxine Bailey Pearce $100 per month alimony is reinstated and made the judgment of this court.
NOTES
[1] La.Civil Code art. 138(9).
[2] La.R.S. 9:302 provides:

When there has been no reconciliation between the spouses for a period of one year or more from the date the judgment of separation from bed and board was signed, the spouse who obtained this judgment may sue for and obtain a judgment of absolute divorce. If no such divorce action is instituted within a year and sixty days from the date the judgment of separation from bed and board was signed, the other spouse may sue for and obtain a judgment of absolute divorce.
If an appeal is taken, a suit for divorce may not be commenced until the day after the date upon which the judgment becomes definitive as provided by Article 1842 of the Louisiana Code of Civil Procedure or until the expiration of the time stated in the preceding paragraph, whichever is later.
When a judgment of divorce is obtained by the husband against whom the judgment of separation from bed and board was rendered, the wife has the same rights to recover alimony as if she had obtained the divorce.
The provisions of this section do not affect in any way the right of the spouse who obtained the judgment of separation from bed and board to retain the custody and care of the children, as provided by law.
[3] La.Const. art. 5, § 8(B) (1974).
[4] 344 So.2d 75 (La.App. 4th Cir. 1977).
[5] 346 So.2d 216 (La.1977).