EDWARDS, Judge.
Plaintiff, Joseph L. Guerra, appeals a judgment granting him a divorce from his wife, Sandra McGowen Guerra, and ordering him to pay $100 per month in permanent alimony. Plaintiff complains that the alimony award is excessive. Specifically, he argues that defendant’s expense itemization includes expenses for a child of a previous marriage and that defendant has not fulfilled her earning capability.
*387 The record reveals that defendant earns $58 per eight-hour shift as a private duty nurse at Lane Memorial Hospital. Her average gross income is $880 per month, subject to an average payroll deduction of $170. She also receives $150 as monthly child support from the father of her child.
Defendant itemized her monthly expenses for a total of $1,607 and stated that her mother had helped her to meet these expenses. They properly include such items as expenses for shelter ($290 as payment and lot rent for a trailer); food and household supplies ($425); clothing ($100); gasoline for transportation to and from work ($154); utilities ($150); laundry ($10); car, home, and health insurance ($123.88); car note ($182); and professional dues and insurance ($14.25). Loyacano v. Loyacano, 358 So.2d 304 (La. 1978); Bernhardt v. Bernhardt, 283 So.2d 226 (La. 1973).
Defendant testified that the itemization of expenses did not include medical expenses for herself due to a possible neurological problem causing loss of feeling in the left portion of her body. She introduced into evidence several medical bills in conjunction with this testimony and stated that she was still under a doctor’s care for the condition.
Defendant stated that she worked as much as she possibly could. She explained that she is assigned to private duty cases from a register of nurses. The assignment might last one night or a month, depending upon the patient’s condition. At the conclusion of the assignment, her name goes back on the register at the bottom of the list.
Dorothy Nugent, Director of Nursing Services at Lane Memorial Hospital, testified that she cannot always secure enough private duty nurses to fill the demand for them. She also stated that she had no information concerning defendant’s working hours and was not asserting that defendant could work more than she does.
In fixing alimony, a trial court is vested with considerable discretion. Pearce v. Pearce, 348 So.2d 75 (La. 1977); Ducote v. Ducote, 339 So.2d 835 (La. 1976). Considering the entire record, we are unable to say that the trial court abused its discretion by fixing alimony at $100 per month.
For the foregoing reasons, the judgment of the trial court is affirmed. All costs, both trial and appellate, are to be paid by Joseph L. Guerra.
AFFIRMED.