KLEES, Judge.
This is a suit for separation from bed and board filed by the plaintiff, Lynda Schroeder Leitz, alleging the cruel treatment by the defendant, John W. Leitz, III, as grounds for her action. The defendant answered and reconvened seeking a separation based on his wife’s cruel treatment of him and her abandonment of him. The trial court rendered judgment in favor of the plaintiff, but declared the parties to be mutually at fault in causing the separation. The trial judge also reduced an earlier award of child support and alimony penden-te lite from $500 and $400 respectively to $400 and $200. It is from this judgment that the plaintiff appeals. The defendant has not appealed the judgment against him.
The issues on appeal are whether the wife was guilty of fault which would constitute an independent ground for separation under C.C. art. 138 and whether the *766 record supports the reduction in child support and alimony pendente lite'. We affirm the judgment of the trial court with respect to the issue of fault, and reverse the judgment reducing the award of alimony pen-dente lite and child support previously made.
The plaintiff and the defendant were married on December 27, 1975 and were judicially separated on July 2, 1979. Plaintiff and defendant lived apart until plaintiff became pregnant some time in 1980, at which time the plaintiff moved back into her husband’s home in July, 1980 without a reestablishment of the community between them. The only child of the marriage, John W. Leitz, IV was born on November 6, 1980. Plaintiff and defendant resided together until February, 1982 at which time the plaintiff moved out of the house with the minor child and filed for this separation.
The defendant in his reconventional demand alleged his wife’s cruel treatment of him as grounds for separation and her abandonment of him. The issue of the defendant’s fault is not before us here as he has not appealed that finding by the trial court. The plaintiff’s actions in this case must be of such a nature to constitute separate and independent grounds for a separation under C.C. art. 138. Her fault must be that fault contemplated by C.C. art. 138, see Adams v. Adams, 389 So.2d 381, 382 (La.1980). In Pearce v. Pearce, 348 So.2d 75, 77 (La.1977) our Supreme Court said:
“We have held that under this statute respecting an award of alimony to a wife without ‘fault’, the word ‘fault’ contemplates conduct or substantial acts of commission or omission by the wife violative of her marital duties and responsibilities.”
The defendant’s specific allegation of cruel treatment which would constitute fault was the plaintiff’s refusal to have sexual relations for extended periods of time. The evidence presented at trial shows that there existed a situation of sexual incompatibility between the plaintiff and defendant. The defendant’s expert witness, David Talmadge, a clinical social worker met with the couple for the purpose of counseling them.
At one such meeting the defendant related to Dr. Talmadge, in the presence of the plaintiff, that the marriage essentially had no sexual or very infrequent and limited sexual expression. Defendant’s counsel asked Dr. Talmadge if the plaintiff had made any complaints in that area to which he replied only insofar as she disagreed with him and felt like she could not enter into that relationship with him.
The plaintiff’s main justification for her refusal to engage in sexual relations, or the reason they were hindered, was fear of pregnancy subsequent to the birth of their child. At trial plaintiff estimated off the top of her head that they had sex on an average of 2 to 3 times a week, but one month before at her deposition she refused to give an estimate off the top of her head. Her estimate at trial was given after a lot more thought. The trial judge obviously felt that the plaintiff had denied her husband sexual relations, unjustifiably, because of a fear of pregnancy.
Plaintiff testified that she feared pregnancy because of the unstable condition at home yet her husband testified that she went off the pill and got pregnant after she was judicially separated from him in 1979. At that time plaintiff was not residing with the defendant. (Tr. I, p. 27). The plaintiff’s testimony in general is vague and ambiguous as to what she remembers and to what if any part she had in the marital breakup. The Court in Pearce v. Pearce, supra, said:
“In the area of domestic relations, much discretion must be vested in the trial judge and particularly in evaluating the weight of evidence which is to be resolved primarily on the basis of the credibility of witnesses. The trial judge having observed the demeanor of the witnesses is in a better position to rule on their credibility. Trosclair v. Trosclair, 337 So.2d 1216 (La.App. 1st Cir.1976). The factual findings of the trial court are *767 therefore to be accorded very substantial weight on review. Gilberti v. Gilberti, 338 So.2d 971 (La.App. 4th Cir.1976).
We cannot therefore say in light of the testimony presented that the trial judge abused his discretion in finding the parties to be mutually at fault.
As to the issue of the reduction of the award of alimony pendente lite and child support previously made, neither party showed any change in circumstances warranting an increase or a decrease. The defendant testified that his financial situation was basically the same as at the earlier fixing, and did not show that the plaintiff’s circumstances had changed since the earlier award. Plaintiff likewise was unsuccessful in establishing a change of circumstances on the part of either party. Thus while we may feel, as obviously did the trial court in this instance, that the original award may be high, as no appeal was taken from that award and because we find a lack of a change of circumstances, we must conclude that the trial judge abused his discretion in reducing the award made to the plaintiff in July of 1982.
Accordingly, we affirm that portion of the judgment finding fault on the part of plaintiff. That portion of the judgment reducing the award of child support and alimony pendente lite is reversed and the original judgment of July 7, 1982 is reinstated. Each party to pay his own costs.
AFFIRMED IN PART, REVERSED IN PART.