446 So.2d 995 (1984)
Jackie H. LEWIS, Plaintiff-Appellant,
v.
Barbara B. LEWIS, Defendant-Appellee.
No. 83-800.
Court of Appeal of Louisiana, Third Circuit.
March 7, 1984.
*996 Guillory, McGee, Mayeux & Fontenot, John G. Fontenot, Eunice, for plaintiff-appellant.
Tate & McManus, Kearney Tate, Eunice, for defendant-appellee.
Before CUTRER, LABORDE and KNOLL, JJ.
LABORDE, Judge.
Jackie H. Lewis, plaintiff-appellant, filed suit against Barbara Bradshaw Lewis, defendant-appellee, for divorce on the grounds of adultery. Barbara reconvened, seeking a divorce based on adultery. The trial court rendered judgment in favor of Barbara granting her an absolute divorce and further awarded her permanent alimony. Jackie appeals. We affirm.
The sole issue presented on appeal is whether or not Barbara was guilty of adultery, habitual intemperance or mental cruelty, thereby barring her from alimony.
Jackie filed suit for legal separation on April 27, 1982, alleging that Barbara was guilty of acts of mental cruelty and habitual intemperance on numerous occasions. Barbara filed an answer and a reconventional demand requesting a legal separation on the grounds of mental and physical cruelty, abandonment and excessive drinking. Subsequently on October 22, 1982, Jackie amended his petition to allege that Barbara had been guilty of certain acts of adultery and prayed for an absolute divorce. Barbara also amended her petition to allege that Jackie was guilty of adultery and prayed for an absolute divorce. The trial court rendered judgment in favor of Barbara granting her an absolute divorce based on Jackie's acts of adultery. The trial court further found that Barbara was not guilty of adultery and that she was not guilty of fault sufficient to bar her claim for permanent alimony and accordingly, awarded Barbara permanent alimony.
Louisiana Civil Code Art. 160 provides that a spouse is entitled to alimony only when he or she is free from fault. In Pearce v. Pearce, 348 So.2d 75 (La.1977), the Louisiana Supreme Court stated:
"We have held that, under this statute respecting an award of alimony to a wife without "fault," the word "fault" contemplates conduct or substantial acts of commission or omission by the wife violative of her marital duties and responsibilities. A wife is not deprived of alimony after divorce simply because she was not totally blameless in the marital discord. Vicknair v. Vicknair, 237 La. 1032, 112 So.2d 702 (1959); Davieson v. Trapp, 223 La. 776, 66 So.2d 804 (1953); Breffeilh v. Breffeilh, 221 La. 843, 60 So.2d 457 (1952); Adler v. Adler, 239 So.2d 494 (La.App. 4th Cir. 1970). To constitute fault, a wife's misconduct must not only be of a serious *997 nature but must also be an independent contributory or proximate cause of the separation. Kendrick v. Kendrick, 236 La. 34, 106 So.2d 707 (1958). The question of a wife's fault under the statute providing for alimony when a wife has not been at fault and has not sufficient means for her support is a factual one. Morgan v. Morgan, 260 So.2d 336 (La. App. 4th Cir.1972). We have recognized that a trial court's findings of fact on the issue of a wife's "fault" will not be disturbed on appeal unless found to be manifestly erroneous. Williams v. Williams, 215 La. 839, 41 So.2d 736 (1949); Fletcher v. Fletcher, 212 La. 971, 34 So.2d 43 (1948). In the area of domestic relations, much discretion must be vested in the trial judge and particularly in evaluating the weight of evidence which is to be resolved primarily on the basis of the credibility of witnesses. The trial judge having observed the demeanor of the witnesses is in the better position to rule on their credibility. Trosclair v. Trosclair, 337 So.2d 1216 (La.App. 1st Cir.1976). The factual findings of the trial court are therefore to be accorded very substantial weight on review. Gilberti v. Gilberti, 338 So.2d 971 (La.App. 4th Cir.1976)."
Jackie contends that the trial court erred in awarding Barbara permanent alimony. It is his contention that he has produced sufficient evidence to exclude every reasonable hypothesis other than that she has committed adultery. He further argues that if the evidence falls short of proving adultery, Barbara's activities amounted to cruel treatment rendering their living together insupportable thus barring her claim to permanent alimony.
The one alleging adultery has the burden of proof. The facts and circumstances must be such as to lead fairly and necessarily to the conclusion that adultery has been committed as alleged in the petition, i.e., the proof must be so convincing as to exclude any other reasonable hypothesis but that of guilt of adultery. Helms v. Helms, 349 So.2d 441 (La.App. 3rd Cir. 1977). Jackie had two private detectives testify as to Barbara's actions. Their testimony failed to raise any improprieties. Barbara admitted that she was friends with a Mr. Morris. Barbara and Mr. Morris both denied they had committed adultery. Therefore, we conclude that Jackie has failed to carry his burden of proof.
Jackie cites the case of Boudreaux v. Boudreaux, 407 So.2d 1363, (La.App. 3rd Cir.1981) for the proposition that while there was not sufficient proof of adultery, Barbara's activities constituted such cruel treatment as to render the marriage insupportable thus barring her claim for permanent alimony. We disagree. Boudreaux, supra, is distinguishable in that the wife had established a relationship with a male friend a long time prior to separation and the filing of the suit. The action on the part of the wife was the cause of the separation. In this case, Barbara became acquainted with Mr. Morris after the suit was filed. The action that precipitated the separation and divorce was Jackie leaving home and living with his paramour.
Finally, Jackie contends that the evidence reflects that Barbara was guilty of habitual intemperance which was sufficient to bar her claim for permanent alimony. The vague and unsubstantiated charges of habitual intemperance on Barbara's part were specifically contradicted by the testimony at trial.
Under the particular facts and circumstances of this case and in view of the conflicting testimony, we are satisfied that the trial court's ruling on Barbara's freedom from fault is adequately supported by the record and is not an abuse of its discretion.
For the above and foregoing reasons, the judgment of the trial court is affirmed. Costs are assessed against plaintiff-appellant, Jackie H. Lewis.
AFFIRMED.