BYRNES, Judge.
This is a separation action. Plaintiff-Appellant Joyce Cauvin Hocke, appeals from a judgment of separation in the Civil District Court, Orleans Parish, decreeing mutual fault.
Joyce Hocke and Leslie Hocke were married on July 14, 1951. They lived in the same home until Mr. Hocke moved out of *152 the matrimonial domicile on June 23, 1982. However, sometime in 1975 Mr. and Mrs. Hocke ceased having sexual relations when Mr. Hocke moved out of their bedroom and onto the couch. He later moved into his child’s bedroom.
Approximately one month after Mr. Hocke left the house Mrs. Hocke filed a petition for separation from bed and board on grounds of mental and physical cruelty. Mr. Hocke answered and reconvened praying for separation on similar grounds.
The case was tried before a judge in May 1983. On June 3, 1983 judgment was rendered granting the separation and finding the parties to be mutually at fault. Plaintiff has perfected this appeal.
ASSIGNMENT OF ERROR
Appellant contends that the trial judge abused his discretion in finding her at fault.
MUTUAL FAULT
The record before us clearly establishes the fact that Mr. & Mrs. Hocke did not get along very well. Particularly during the five years that they did not sleep in the same bedroom. Testimony by both parties sets forth instances of bickering, physical violence, and public humiliation. Mrs. Hocke embarrassed her husband in public, occasionally refused him sex, and provoked arguments. The record also establishes that Mr. Hocke actively participated in these arguments and, on at least one occasion struck appellant, who was 59 years old when the action was brought. In short the atmosphere in the Hocke household was nearly intolerable.
It is well settled that on review, findings of fact and issues involving the credibility of witnesses are accorded great weight and will not be disturbed absent a showing that they are manifestly erroneous. Pearce v. Pearce, 348 So.2d 75 (La. 1977).
While we can feel sympathy for appellant’s situation the trial judge apparently felt that the evidence of bickering and mental if not physical abuse by both parties warranted a finding of mutual fault. A review of the record clearly supports this conclusion.
For the foregoing reasons the judgment of the trial court is affirmed.
Costs of this appeal to be borne by appellant.
AFFIRMED.