BYRNES, Judge.
By this appeal, Lawrence L. Hansen seeks reversal of a district court judgment ordering him to continue payment of permanent alimony to his ex-wife beyond the cut off date set in a 1982 judgment of the same court. We affirm.
The Hansens were divorced in 1981. At that time Mr. Hansen was ordered to pay $225.00 a month in permanent alimony and $325.00 a month in child support for each of his minor children.
Eleven months later, Mrs. Hansen sought an increase in both these amounts. One of the reasons for her request was that she had injured her back at work during the intervening months. The trial judge, in an apparent attempt to provide for Mrs. Hansen’s support during her recovery, rendered the following judgment:
This matter came before this Honorable Court on the 9th day of June, 1982. Present: DONNA MAE LANGLAND HANSEN and her attorney BERNARD M. PLAIA, JR.
and LAWRENCE L. HANSEN and his attorney ANDREW LEMESHEWSHY, JR.
Considering the foregoing evidence and testimony:
IT IS ORDERED, ADJUDGED AND DECREED that the defendant in rule, Lawrence L. Hansen maintain on his current hospitalization policy with his employer, his children of the marriage, Dara and Larry Hansen.
IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the mov-ant in rule, Donna Mae Langland Hansen, be awarded permanent alimony as follows:
A)That from July 1, 1982 until December 31, 1982, the defendant is condemned to pay to the movant the amount of EIGHT HUNDRED AND NO/100 ($800.00) DOLLARS per month in allimo-ny;
B) That from January 1, 1983 until December 31, 1983, the defendant is condemned to pay to the movant the amount of SEVEN HUNDRED AND NO/100 ($700.00) DOLLARS per month in alimony;
C) That for the period of January 1,1984 until December 31, 1984 until December 31, 1984 the defendant is condemned to pay to the movant the amount of SIX HUNDRED AND NO/100 ($600.00) DOLLARS per month in alimony.
IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the aforementioned amounts are subject to review, if and when the movant, Donna Mae Langland Hansen becomes physically rehabilitated and is able to maintain some type of employment.
The judgment goes on to rule on child support matters not presently before this Court. Mr. Hansen contends that this award constituted lump sum alimony under C.C. Art. 160. We cannot agree.
Regardless of its somewhat unique form, the 1982 judgment was clearly intended to be adjusted when circumstances changed. In the event that Mrs. Hansen recovered and returned to work the judgment specifically states that the amount of alimony would be subject to review. Lump sum alimony by its very definition cannot be adjusted or modified. C.C. Art. 160(B). The fact that the judgment required fixed sums to be paid in decreasing amounts over a period of years does not transform it into a lump sum award. The structure of the 1982 judgment was clearly intended to “establish rehabilitation support and alimony” for Mrs. Hansen during her convalesence. There is nothing in the judgment to indicate that it was intended to be a substitute for Mrs. Hansen’s long term right to alimony rather than a supplement to that right. Furthermore, a lump sum decree requires the consent of the parties which is absent in this case. La.C.C. 160(B).
Under these circumstances, the 1982 judgment must be viewed as a type of permanent periodic alimony which was increased for a fixed period and in a fixed *1239 amount for the purpose of supporting Mrs. Hansen during a known and projected period of disability. As such it was subject to adjustment, termination or continuation. The evidence presented in the instant case established that Mrs. Hansen’s physical disability continues to this day. This circumstance was the reason the trial judge continued the award.
The trial judge is given great discretion in determining the amount of alimony and his decision should not be disturbed on appeal absent a manifest abuse of that discretion. Teasdel v. Teasdel, 454 So.2d 886 (La.App. 4th Cir.1984), Pearce v. Pearce, 348 So.2d 75 (La.1977). We have reviewed the record in this case and can find no abuse of discretion in the trial court’s ruling.
For the foregoing reasons the judgment of the trial court is affirmed at appellant’s cost.
AFFIRMED.