SCHOTT, Judge.
In this domestic dispute the wife sued for a legal separation on the grounds of abandonment and cruel treatment. While the suit was pending the husband sued for divorce on the ground of voluntary physical separation between the spouses for more than a year. After a trial in which fault was the only issue the trial court granted a divorce and found the spouses mutually at fault. Only the wife has appealed.
The husband testified there had been an ongoing problem in the marriage because of the wife’s animosity toward his children by a previous marriage; at the time of their separation he had spent a night or two with his son at a fishing camp and when he returned the wife told him to get out; he left, he tried to get her to talk things out, she refused, and when he returned to the domicile a few days later he found that she had moved everything except his personal belongings out of the house and she had put paint on some of his clothes. He also testified that when she told him to leave she beat him with a telephone. His testimony was corroborated in some respects by that of his daughter.
The wife denied telling him to get out and, on the contrary, she said she asked him to return to her. She also denied having interfered in his relationships with his children, or being violent toward him. She accused him of having returned to the domicile drunk, being physically abusive toward her, and destroying a television set in their home in a fit of violence.
In order to qualify for permanent alimony the wife had to prove her freedom from fault. LSA-C.C. art. 160. After hearing conflicting testimony the trial judge resolved the credibility issue against the wife. On appeal we accept this determination. Pearce v. Pearce, 348 So.2d 75 (La.1977).
However, the wife contends that the husband’s testimony, even accepted as true, does not support the judgment because the misconduct attributed to her was not serious enough to constitute the degree of fault which would preclude her from alimony. She relies especially on Rittiner v. Sinclair, 374 So.2d 680 (La.App. 4th Cir.1979) in which the court found that the wife’s evidence was sufficient to exonerate herself from fault and that the failure of a spouse “to get along with” the child of the other spouse is not a ground for separation under C.C. art. 138 and not serious enough to preclude the offending spouse from alimony under art. 160.
The question of the present wife’s fault is a factual one and the trial court's finding that she was at fault will not be disturbed unless manifestly erroneous. Pearce v. Pearce, supra. In Rittiner, whose facts were distinct, the court was able to conclude that the trial court’s finding of fault was manifestly erroneous because all of the arguments and disagreeable incidents between the spouses were related to mutual heavy drinking by the spouses. In effect the court found that the wife’s misconduct was not fault because it was the expected result of heavy drinking which the husband encouraged, condoned, and cooperated in.
*1239 In the present case, unlike Rittiner, the testimony is so conflicting that a simple explanation for the problem between the spouses does not emerge. The trial judge had to accept one version or the other. Once the husband’s version was accepted, the wife could not preclude fault based on her verbal and physical abuse of her husband. Furthermore, the husband’s testimony supports the conclusion not merely that she could not “get along” with his children, but that she tried to interfere in his relationships toward them even to the extent of making derogatory remarks about his son and trying to prevent him from seeing and being with his children.
Accepting the trial court’s credibility call we are unable to conclude that the wife carried her burden of proof or that the trial court committed manifest error in finding both parties mutually at fault.
AFFIRMED.