579 So.2d 1142 (1991)
Janette L. TAYLOR, Plaintiff,
v.
James Preston TAYLOR, Defendant.
No. 22391-CA.
Court of Appeal of Louisiana, Second Circuit.
May 8, 1991.
Love, Rigby, Dehan, McDaniel & Goode by Hani E. Dehan, Shreveport, for plaintiff-appellant.
James L. Fortson, Shreveport, for defendant-appellee.
Before MARVIN, HIGHTOWER and BROWN, JJ.
HIGHTOWER, Judge.
A former wife appeals from a judgment of the district court finding her guilty of legal fault precluding her from permanent alimony. We affirm.

FACTS
The parties married on November 11, 1961, and subsequently had three children, all now adults. When James Preston Taylor, defendant, moved from the family residence on August 10, 1987, Janette Taylor *1143 filed a petition for separation later that same month. After the trial court, via rule, granted alimony pendente lite, no further proceedings occurred for approximately two years. Finally, the wife instituted suit for an absolute divorce, alleging grounds of living apart for more than one year and also adultery; she additionally requested permanent alimony. By reconvention, the husband asserted the same one year of physical separation as a basis for divorce, but contended his spouse's cruel treatment should deprive her of alimony.
At the beginning of the merits trial, the husband admitted post-physical-separation fault. Nevertheless, for purposes of deciding his spouse's eligibility for alimony, the issue of fault remained relevant. Of course, with both parties calling a roster of witnesses, testimony conflicted concerning the alleged cruel treatment by Mrs. Taylor.
Among other averments, Mr. Taylor asserted that his wife denied him marital relations for three or four years prior to the separation; constantly humiliated, berated and reviled him, both while alone and in the presence of others; and called him all manner of names, such as "the neighborhood joke," "stupid," "bastard" and the like. On the other hand, Mrs. Taylor maintained her husband's adultery solely caused the breakup of the marriage.
After four days of testimony, the trial judge took the case under advisement. Subsequently, with written reasons, he rendered a judgment of divorce based upon the parties having lived separate and apart for more than one year. Concerning the former wife's alleged fault, he stated
This court finds that:
(1) Mrs. Taylor called Mr. Taylor at work frequently and berated him;
(2) she interrupted his work by calling and demanding he come home;
(3) she upbraided him in front of the neighbors and embarrassed him frequently in their presence;
(4) she constantly complained about the presence of his dogs in the yard and the presence of an old vehicle;
(5) she complained incessantly about the hours and days he went hunting to the neighbors and friends, causing frequent embarrassment to him....
Thus the court finds the wife was additionally at fault in this separation....
After denial of a motion for new trial, this appeal followed.

DISCUSSION
Of course, under LSA-C.C. Art. 160,[1] a spouse seeking permanent alimony must be without fault, and the burden of proof is upon the claimant. Vicknair v. Vicknair, 237 La. 1032, 112 So.2d 702 (1959); Green v. Green, 567 So.2d 139 (La. App. 2d Cir.1990); Brannon v. Brannon, 362 So.2d 1164 (La.App. 2d Cir.1978). The "fault" contemplated is synonymous with those grounds for separation or divorce under LSA-C.C. Arts. 138 and 139 (Repealed)[2], i.e., there must occur acts or omissions violative of the marital duties and responsibilities. Adams v. Adams, 389 So.2d 381 (La.1980); Pearce v. Pearce, 348 So.2d 75 (La.1977); Green, supra. Cruel treatment by one spouse, rendering life together insupportable, provides a ground for separation. LSA-C.C. Art. 138(3) (Repealed). See also Adams, supra; Green, supra.
A spouse who petitions for alimony, however, need not be totally blameless in the marital discord. Only misconduct of a serious nature, providing an independent contributory or proximate cause of the breakup, equates to legal fault. Adams, supra; Pearce, supra; Green, supra; Wynn v. Wynn, 513 So.2d 489 (La.App. 2d Cir.1987). In that respect, according to the *1144 jurisprudence, a pattern of harassment, upbraiding, nagging, and griping can support a determination of cruel treatment. Green, supra. Mere fussing and bickering cannot, Batiste v. Batiste, 548 So.2d 14 (La.App. 5th Cir.1989), nor can nagging, standing alone, constitute legal fault, Brewer v. Brewer, 573 So.2d 467 (La.1991). Additionally, this court has held that a party is not deprived of alimony due to a reasonable, justifiable response to the other spouse's initial acts. Green, supra; Wynn, supra; Vail v. Vail, 390 So.2d 978 (La.App. 2d Cir.1980).
In the present case, the former wife contends that the evidence failed to establish conduct disqualifying her for permanent alimony. Yet, the trial court found her actions constituted fault, and unless clearly wrong that determination cannot be disturbed on appeal. Pearce, supra; Green, supra; Thibodeaux v. Thibodeaux, 525 So.2d 69 (La.App. 3d Cir.1988). Indeed, in that domestic relations issues largely turn on evaluations of witness credibility, a trial judge necessarily should be vested with great discretion in such matters. See Pearce, supra.
Testimony by Mr. Taylor disclosed a history of verbal abuse by the wife, whom he described as vindictive. In his words, "if she was miserable, everybody was miserable...." Mrs. Taylor belittled him in front of friends and neighbors by calling him such names as "stupid," "the neighborhood joke," "bastard," and "son-of-a-bitch," and further embarrassed him at work with numerous harassing phone calls.
Paul Williams, a neighbor, remembered a number of occasions where the wife humiliated appellee, calling him a bastard and son-of-a-bitch. These instances occurred not only in front of him, but also in the presence of other neighbors. He also described the marital relationship between the parties as appearing outwardly strained during the last few years preceding the physical separation.
Robert Guth, the husband's co-employee, testified about a situation at a restaurant in which Janette spoke in a sharp, critical manner towards her husband, embarrassing him in the presence of fellow employees, their wives, and strangers. He also recalled a similar occurrence at the Taylor residence, although that incident transpired before Guth alone.
Joyce Butrum, another co-employee, stated that Mrs. Taylor placed frequent telephone calls to appellee at his office, often demanding that he leave work and return home, all to his considerable embarrassment. Concerning the emotional effect on the husband, the witness testified that Mr. Taylor many times found himself greatly ashamed and upset after the calls, necessitating discontinuation of business meetings already in progress.
Dorothy Green, who resided next door to the parties, corroborated the former husband's disclosures. She witnessed name calling by the ex-wife, and general mistreatment as previously mentioned.
Finally, even testimony by two of the Taylor children lends credence to the husband's position. One child, Steven, testified that his mother cursed his father, and degraded and humiliated him on occasions. A married daughter agreed that appellant made life miserable for Mr. Taylor, "to a degree."
Of course, the wife and her witnesses contradicted the husband's assertions. The decision to accept or reject that evidence, however, rested well within the prerogative of the trial court. Simply put, the judge concluded freedom from fault had not been shown. We agree.
Clearly, Mrs. Taylor's offending actions exceed nagging, the term utilized in Brewer, supra. Testimony revealed, by adequate specificity as to details and time frame, her cruel and repeated transgressions. Moreover, the abusive treatment transpired not only in private, but also in the presence of friends, neighbors, and fellow employees. Such excesses indeed furnish legal fault sufficient to grant a separation under LSA-C.C. Art. 138(3). Under the circumstances presented, the record indicates conduct violative of the marital relationship, rendering life together insupportable *1145 and contributing to the ultimate destruction of the marriage.
Additionally, though actions by the wife, immediately preceding the physical separation, appear prompted by suspicions of adultery, the evidence clearly established a pattern of mistreatment and abuse originating long before the physical separation, and indeed prior to any indications of adulterous activity by the former husband. Compare Green, supra; Vail, supra.
Thus, having failed to show a lack of pre-physical-separation fault,[3] and considering the specific findings by the trial court in that respect, error did not occur.

CONCLUSION
For the above reasons, and at plaintiff-appellant's cost, the decision of the trial court is affirmed.
AFFIRMED.
NOTES
[1] LSA-C.C. Art. 160 has been redesignated as LSA-C.C. Art. 112, pursuant to marriage dissolution revisions effective January 1, 1991.
[2] Acts 1990, No. 1009, repealed those articles dealing with separation proceedings and revised, amended and redesignated former LSA-C.C. Art. 139 as LSA-C.C. Art. 103. The extent to which these revisions affect determinations of fault for alimony purposes, being not pertinent to our discussion, are specifically pretermitted.
[3] The record indicates a dispute by counsel concerning the introduction of evidence pertaining to Janette Taylor's alleged post-physical-separation fault. Of course, our law requires that a spouse be free from fault both prior to the separation judgment and prior to the divorce. Bruner v. Bruner, 364 So.2d 1015 (La.1978). However, in the present case, the parties did not obtain a legal separation. Because we find the trial court's determination of pre-physical-separation fault not clearly wrong, we need not address what difference, if any, arises when there exists no separation judgment but a period of physical separation lapses prior to divorce. See and compare, however, Stears v. Stears, 569 So.2d 220 (La.App. 1st Cir.1990); Roberts v. Roberts, 519 So.2d 229 (La.App. 5th Cir.1988); Luquette v. Luquette, 487 So.2d 740 (La.App. 5th Cir.1986); Zeringue v. Zeringue, 479 So.2d 443 (La.App. 1st Cir.1985); Benoit v. Benoit, 466 So.2d 561 (La.App. 5th Cir.1985); Lewis v. Lewis, 446 So.2d 995 (La.App. 3d Cir.1984); Rutherford v. Rutherford, 452 So.2d 432 (La.App. 3d Cir.1984); Boudreaux v. Boudreaux, 407 So.2d 1363 (La.App. 3d Cir.1981).