JEREMY CHIASSON, Judge, Pro Tempore.
This is an appeal by Dr. Rudolf V. Hamsa from the trial court ruling that his former wife, Cynthia Badinger Hamsa, was without fault in the breakup of their marriage. The fault of Ms. Hamsa was the only issue before the trial court. For the following reasons, we affirm.
FACTS
The Hamsas were married on May 20, 1984 and established their matrimonial domicile in Jefferson Parish. A petition for separation was filed by Ms. Hamsa on December 2,1987 and a petition for divorce filed by Dr. Hamsa on November 13, 1989. A judgment of divorce based on living separate and apart without reconciliation for more than one year was signed on February 28,1991. The court also found the parties had reconciled after their November 1, 1987 separation and that they separated for the last time in December 1988. This court affirmed the trial court by opinion dated December 30,1991.[1]
Thereafter, Ms. Hamsa filed a Rule to Establish Fault and Alimony. Trial of the fault issue commenced July 17, 1992. Ms. Hamsa objected to testimony regarding fault prior to the reconciliation in December 1988. The trial judge sustained the objection and Dr. | gHamsa filed a supervisory writ. This court granted the writ[2] and ruled as follows: WRIT GRANTED
The trial court erred in sustaining the objection to the admission of evidence of fault prior to 12/25/88, the date of final separation. We are unable to determine from the record before us at what point a reconciliation took place. However, a new cause of action began at the reconciliation, not at the failure of that reconciliation.
The trial resumed in February 1994 and judgment was rendered May 26, 1995 wherein the trial court found Ms. Hamsa was without fault in the breakup of the marriage.
On appeal Dr. Hamsa contends the trial judge erred in ruling Ms. Hamsa was free from fault in the breakup of the marriage. Further, Dr. Hamsa contends that the judge had no independent recollection of the proceedings based on the time between the trial and the date the judgment was rendered and *1211 the statement in the court’s reasons for judgment that the transcripts were not reviewed.
In Allen v. Allen, 648 So.2d 359, 361-362 (La.1994), the Supreme Court stated:
Marriage is a civil obligation, a contract between two parties. LSA-C.C. art. 86. The mutual duties of married persons are fidelity, support and assistance. LSA-C.C. art. 98.
Although no-fault divorce is now available, freedom from fault is still necessary for permanent alimony. LSA-C.C. art. 112. “The elimination of fault as a prerequisite for divorce left open the question of the financial allocations to be made upon divorce.” 65 Tul.L.Rev. 953 at 977.
[[Image here]]
LSA-C.C. art. 112A(1) provides, in pertinent part:
When a spouse has not been at fault and has not sufficient means for support, the court may allow that spouse, out of the property and earnings of the other spouse, permanent periodic alimony which shall not exceed one-third of his or her income. Prior to the repeal of Civil Code article 138, fault was determined by analogy to the grounds for separation in that article, which included adultery, habitual intemperance, excesses, cruel treatment or outrages, making living together insupportable, and abandonment. With the repeal of LSA-C.C. art. 138, the only statutory fault measure is the grounds for divorce in LSA-C.C. art. 103, i.e., adultery or a felony sentence punishable by death or hard labor.
Since the statutory law does not specify fault which would deny permanent alimony, legal fault must be determined according to the prior jurisprudential criteria. See Lagars v. Lagars, 491 So.2d 5 (La. 1986), for an [94-1090 La. 9] analysis of those criteria. The jurisprudence specifies the conduct which may be considered legal fault.
|4Petty quarrels between husband and wife do not rise to the level of legal fault.... Legal fault consists of serious misconduct, which is a cause of the marriage’s dissolution. (Citations omitted).
A trial court’s determination of fault is a factual finding which cannot be disturbed on appeal absent manifest error. Wheelahan v. Wheelahan, 557 So.2d 1046 (La.App. 4th Cir.1990). In the area of domestic relations, much discretion must be vested in the trial judge and particularly in evaluating the weight of evidence which is to be resolved primarily on the basis of the credibility of witnesses. The trial judge having observed the demeanor of the witnesses is in the better position to rule on their credibility. Id., Pearce v. Pearce, 348 So.2d 75, 78 (La.1977). An appellate court should not substitute its judgment for that of the trial judge who listened to the witnesses and observed their demeanor, but rather should affirm the finding of the trial court if there is any evidence in the record to support its conclusion. Wheelahan, supra.
The cause of action for divorce is extinguished by the reconciliation of the parties. LSA-CC Art 104. The effect of a reconciliation is to “wipe the slate clean” and make the issue of fault of the parties prior to the reconciliation moot as to any cause of action subsequent to the reconciliation. Do-ran v. Doran, 645 So.2d 744 (La.App. 5th Cir.1994). Thus, legal fault of one spouse which occurred prior to a reconciliation cannot be the basis for denying that spouse permanent alimony.
In its reasons for judgment, the trial court stated:
After reviewing all of the evidence and testimony adduced at the trial on February 1 & 2, 1994, this Court finds that Mrs. Hamsa carried her burden of proving, by a preponderance of the evidence, that she was legally free from fault in the breakup of the marriage. The Court finds Mrs. Hamsa’s testimony persuasive that she did not refuse to have children with Dr. Ham-sa, nor did she attempt to alienate his children. The Court finds no evidence that Mrs. Hamsa engaged in outrageous spending or that she physically attacked or berated Dr. Hamsa in public. Mrs. Ham-sa’s behavior, when viewed in context with Dr. Hamsa’s behavior, does not rise to the level of fault that would preclude her from receiving alimony after divorce.
*1212 After reviewing the record before us, we cannot say the trial court erred in this finding. Ms. Hamsa presented evidence that following the 1988 reconciliation she was a faithful wife and not guilty of cruel treatment toward Dr. Hamsa that rose to the level of legal fault. Almost all of the rebuttal evidence presented by Dr. Hamsa, including evidence concerning whether Ms. Hamsa defrauded Dr. Hamsa, concerned events occurring prior | sto the reconciliation. These pre-reconciliation facts are not relevant to the issue before us.
DECREE
For the foregoing reasons, the trial court judgment finding Ms. Hamsa without fault in the breakup of the marriage is affirmed. Dr. Hamsa shall bear all costs of this appeal.
AFFIRMED.
WICKER, J., concurs.
BOWES, J., dissents.

. Hamsa v. Hamsa, 592 So.2d 15 (La.App. 5th Cir.1991.)

. 92-C-704.