SUSAN M. CHEHARDY, Judge.
 

 12This appeal arises in a divorce proceeding. Patrick D. McKenna appeals the trial court’s determination that his former wife, Debra McKenna, is free of fault for purposes of permanent spousal support. We affirm.
 

 On June 14, 2007 Debra McKenna filed a petition for divorce pursuant to La. C.C. art. 102.
 
 [1]
 
 The petition recited that the parties were married on January 17, 1989, and one child was born of the marriage, a daughter, who was sixteen at the time the divorce petition was filed. Several months after the filing the parties entered into a consent judgment concerning interim periodic spousal support and other matters. The consent judgment ordered Patrick McKenna to pay Debra McKenna spousal support in the amount of $3,125.00 per month.
 

 In June 2008 Patrick McKenna filed a motion for a hearing to determine fault and/or entitlement to final periodic spousal support.
 

 A judgment of divorce was rendered on August 1, 2008. The hearing on fault for purposes of permanent alimony was held later, over the course of two separate days.
 

 |sThe testimony, by Debra McKenna, Patrick McKenna, their daughter, and three therapists who treated Debra McKenna for psychiatric problems, established that the parties argued frequently and that the major subject of contention was money problems. Each blamed the other for poor financial management. Each accused the other of being unsup-portive, cold, and verbally harassing; they claimed the other cursed and screamed, but denied doing it themselves.
 

 The parties’ daughter testified she heard her parents arguing all the time, almost always about money issues. She did not recall her mother raising her voice, screaming or yelling; she said it was her father who always yelled and cursed. She admitted hearing her mother curse at her father once or twice, but said she heard her father scream, yell and curse at her mother a lot. Her father called her mother “stupid” many times.
 

 Debra McKenna’s therapists testified that she suffered from major depression, dissociative disorder, major affective disorder, post-traumatic stress disorder, panic disorder, anxiety disorder, repressed anger, and possible attention deficit disorder. They said that when her husband yelled at her, she dissociated (withdrew), and that she found it difficult to confront her husband, and she often felt intimidated. All the therapists felt she would be unlikely to express her anger directly.
 

 On December 29, 2008 the district court rendered judgment that found Debra McKenna to be without fault and awarded her $2,136.00 per month in permanent spousal support. The court found as follows, in pertinent part:
 

 [T]he court considers the testimony of the experts presented to be the most compelling; since the testimony of the parties themselves presented simply a “he said, she said” situation. Both Donna Lewis, plaintiffs current treating therapist and a licensed social worker, and Maria Ketchum, also a licensed social worker and plaintiffs former treating therapist, testified that plaintiffs manner |4of dealing with issues that
 
 *925
 
 trouble her is to withdraw into herself, almost dissociating from the situation. Ms. Ketchum specifically testified that Mrs. McKenna was intimidated by her husband and had difficulty expressing her feelings to him; she could not confront her husband about her anger towards him. Dr. George Daul, plaintiffs psychiatrist, also testified that because he believes plaintiff was abused as a child, she often “checks out” and disconnects from what is going on.
 

 Based upon this testimony, the Court finds it unlikely that plaintiff actually engaged in the type of mental cruelty alleged by defendant which would rise to the level of fault; she was not, it appears, capable of that type of confrontation. Although plaintiff certainly complained about her husband to her therapists and was probably not totally blameless in their marital discord, the Court finds that she is legally entitled to permanent spousal support.
 

 The Court found that Patrick McKen-na’s monthly net income is $8,765.00; that Debra McKenna is capable of working at least a minimum-wage job thirty hours a week, making approximately $786.00 per month; and that Debra McKenna is entitled to one-third of that amount, less her projected earnings of $786.00, bringing the amount to be paid by Patrick McKenna to Debra McKenna to $2,136.00 per month.
 
 [2]
 
 The court rendered judgment in favor of Debra McKenna accordingly.
 

 Patrick McKenna has appealed. He challenges the determination that Debra McKenna was free from fault that caused the breakup of the marriage.
 

 ASSIGNMENT OF ERROR NO. 1
 

 In his first assignment of error, Patrick McKenna (hereafter “Appellant”) asserts the trial court committed manifest error in finding Debra McKenna (hereafter “Appellee”) to be free from fault in causing the marital breakup. He argues the evidence clearly establishes that she was guilty of mental cruelty.
 

 | ^Appellant states that in finding Appel-lee to be free from fault, the trial court relied almost exclusively on the opinions rendered by the mental health professionals who treat Appellee, but the court gave almost no weight to the testimony of the parties. Appellant argues the therapists’ testimony establishes that the marital relationship was fraught with conflict, in which both parties engaged in a continuous pattern of criticizing, harassing, and blaming the other spouse. Appellant contends the constant mutual accusations and arguing occurred over a lengthy period of time and rendered the parties’ living together insupportable.
 

 “Petty quarrels between husband and wife do not rise to the level of legal fault.... Legal fault consists of serious misconduct, which is a cause of the marriage’s dissolution.” (Citations omitted).
 
 Hamsa v. Hamsa,
 
 95-736, p. 4 (La.App. 5 Cir. 1/17/96), 668 So.2d 1209, 1211.
 

 In this context, the word “fault” contemplates “conduct or substantial acts of commission or omission by the wife violative of her marital duties and responsibilities. A wife is not deprived of alimony after divorce simply because she was not totally blameless in the marital discord.”
 
 Pearce v. Pearce,
 
 348 So.2d 75, 77 (La.1977). To constitute fault, a wife’s misconduct must not only be of a serious nature but must also be an independent contributory or proximate cause of the separation.
 
 Id.
 

 
 *926
 
 In the area of domestic relations, much discretion must be vested in the trial judge and particularly in evaluating the weight of evidence which is to be resolved primarily on the basis of the credibility of witnesses.
 
 Pearce,
 
 348 So.2d at 78. The trial judge having observed the demeanor of the witnesses is in the better position to rule on their credibility.
 
 Id.
 

 Appellant blamed the breakup of the marriage on his wife’s “excessive spending,” but he produced no documentation of her alleged extravagance. He | r,complained about her spending, but acknowledged he controlled how much money she was given. He denied Appellee’s testimony that he was financially irresponsible, yet admitted that he paid bills not as they arrived but as they came due and, if the statements were moved, he often forgot to pay them. He admitted the times when the household utilities were turned off were due to his failure to pay bills. He claimed he did not have enough money for the bills, yet he acknowledged he gives his adult son over $25,000 a year, and that he paid $100,000 to purchase a farm. Further, his claims that Appellee was nagging and verbally abusive were contradicted by the testimony of his daughter and of Ap-pellee’s therapists.
 

 It is clear the trial court made a factual finding based on credibility determinations, which are entitled to great deference. We find no manifest error in those determinations. Accordingly, there is no merit to this assignment.
 

 ASSIGNMENT OF ERROR NO. 2
 

 In his second assignment of error, Patrick McKenna contends that if the trial court found Debra McKenna to have committed legal fault but excused such conduct because of her mental illness, then it committed legal error.
 

 Appellant asserts that Appellee did not raise the affirmative defense of mental illness, so she cannot urge her mental cruelty should be excused by her psychiatric disorder. Alternatively, he argues, if she has the right to raise the defense, she must establish both that she has a mental illness and that each act of fault-based conduct is causally related to her mental illness, or was involuntarily induced by her mental condition. Appellant acknowledges that Appellee has a psychiatric disorder, major depression. However, he contends, even Appellee’s current treating therapist, Maria Ketchum, testified she did not believe the financial arguments were caused by the psychiatric condition.
 

 |7We find no merit to this assignment. The trial court found that Appellee was free from fault that caused the breakup of the marriage. We have held that the trial court did not err in that determination. Accordingly, Appellant’s second assignment is moot.
 

 DECREE
 

 For the foregoing reasons, the judgment is affirmed. Costs of this appeal are assessed against the appellant, Patrick McKenna.
 

 AFFIRMED.
 

 [1]
 

 . Art. 102 allows a divorce to be granted after the parties have lived separate and apart continuously for the period of time prescribed by La. C.C. art. 103.1, which ranges from 180 days to 365 days, depending on circumstances specified in Art. 103.1.
 

 [2]
 

 . A spouse who “has not been at fault and has not sufficient means for support” may be allowed permanent periodic alimony out of the property and earnings of the other spouse "which shall not exceed one-third of his or her income.” La. C.C. art. 112.