NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

12-902

DUNIA LORENA CARCAMO NIEVES

VERSUS

PEDRO NIEVES

**********

APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF LAFAYETTE, NO. C-20090086
HONORABLE SUSAN LORNA THEALL, DISTRICT JUDGE

**********

BILLY HOWARD EZELL
JUDGE

**********

Court composed of Ulysses Gene Thibodeaux, Chief Judge, Billy Howard Ezell, and James T. Genovese, Judges.

AFFIRMED.

Frank Edward Barber
116 Field St.
New Iberia, LA 70560-4487
(337) 256-8370
COUNSEL FOR DEFENDANT/APPELLANT:
    Pedro Nieves

**Dunia Lorena Carcamo Nieves**
**In Proper Person**
**406 Peartree Circle**
**Broussard, LA 70518**

**EZELL, Judge.**

Pedro Nieves appeals the decision of the trial court below finding Dunia Nieves free from fault in their divorce. For the following reasons, we hereby affirm the decision of the trial court.

Mr. and Mrs. Nieves met and were married in Honduras in 1995 when Mr. Nieves was stationed there as a member of the Air Force. The couple moved to the United States after the marriage, eventually settling in Louisiana when Mr. Nieves was hired as an air traffic controller in Lafayette. One child was born of the marriage. The marriage was often tumultuous, sometimes resulting in physical violence and Mrs. Nieves sleeping alone in the couple's bedroom. After one fight in which police were called to intervene, Mrs. Nieves filed for divorce.

Divorce was granted January 11, 2010. As part of those proceedings, she sought both interim and final spousal support. Trial was held on the lone issue of whether or not Mr. Nieves was free from fault in the breakup of the marriage. After a hearing on the matter, the trial court found that Mrs. Nieves was free from fault and was entitled to final periodic spousal support. From that decision, Mr. Nieves appeals. On appeal, Mr. Nieves asserts one assignment of error: that the trial court erred in finding Mrs. Nieves free from fault in the divorce. We disagree.

This court discussed determinations of fault pertaining to spousal support, as well as the standard of review applied to those findings, in *Rusk v. Rusk*, 12-176, pp.6-8 (La.App. 3 Cir. 6/6/12), 102 So.3d 193, 198-199 as follows (footnote omitted)(alteration in original):

> The fifth circuit discussed fault in the context of divorce proceedings in *McKenna v. McKenna,* 09–295, p. 5 (La.App. 5 Cir. 10/27/09), 27 So.3d 923, 925, stating:

"Petty quarrels between husband and wife do not rise to the level of legal fault. . . . Legal fault consists of serious misconduct, which is a cause of the marriage's dissolution." (Citations omitted). *Hamsa v. Hamsa,* 95–736, p. 4 (La.App. 5 Cir. 1/17/96), 668 So.2d 1209, 1211.

In this context, the word "fault" contemplates "conduct or substantial acts of commission or omission by the wife violative of her marital duties and responsibilities. A wife is not deprived of alimony after divorce simply because she was not totally blameless in the marital discord." *Pearce v. Pearce,* 348 So.2d 75, 77 (La.1977). To constitute fault, a wife's misconduct must not only be of a serious nature but must also be an independent contributory or proximate cause of the separation. *Id.*

Our courts have previously found that fault for the purposes of spousal support is synonymous with the fault grounds previously entitling a spouse to separation or divorce, including adultery, habitual intemperance or excess, conviction of a felony, cruel treatment or outrages, public defamation, abandonment, an attempt on the other's life, fugitive status, and intentional non-support. *Bourg v. Bourg,* 96–2422 (La.App. 1 Cir. 11/7/97), 701 So.2d 1378; *Guillory v. Guillory,* 626 So.2d 826 (La.App. 2 Cir.1993). "To prove cruel treatment, a party needs to show a continued pattern of mental harassment, nagging, and griping by one spouse directed at the other, so as to make the marriage insupportable as mere bickering and fussing do not constitute cruel treatment for purposes of denying alimony." *Noto v. Noto,* 09–1100, p. 7 (La.App. 5 Cir. 5/11/10), 41 So.3d 1175, 1180.

The trial court's finding of fault is a factual determination subject to the manifest error standard of review. *Terry v. Terry,* 954 So.2d 790. Under this standard, the issue is whether the fact finder's determinations are reasonable. *Hebert v. Rapides Parish Police Jury,* 06–2001 (La.4/11/07), 974 So.2d 635. Even if the appellate court feels it would have weighed the evidence differently, the appellate court may not reverse if the fact finder's determinations are reasonable in light of the record in its entirety. *Id.* This standard demands great deference to the fact finder's credibility determinations. *Id.* However, "[i]f documents or objective evidence so contradicts the witness's story or if the story itself is so internally inconsistent or implausible on its face that a reasonable fact finder would not credit the witness's story, the court of appeal may find manifest error or clear wrongness even in a finding purportedly based upon a credibility determination." *Brown v. American Cent. Cas. Co.,* 10–135, p. 5 (La.App. 3 Cir. 6/2/10), 40 So.3d 452, 456 citing *Rosell v. ESCO,* 549 So.2d 840 (La.1989)). However, absent those circumstances, a fact finder's determination to credit the testimony of one of two or more witnesses can virtually never be manifestly erroneous. *Id.*

Given the record before this court, we can find no error in the trial court's determination that Ms. Nieves was free from fault in the breakup of the marriage. While there was evidence of arguments and tension between the couple, nothing in the record indicated that Mrs. Nieves' behavior rose to the level of being "an independent contributory or proximate cause of the separation," even if she was not blameless in the dissolution of the marriage. *Id.* at 198. To the contrary, the record showed that Mr. Nieves would sometimes become physical during these arguments. In fact, the couple separated after one of these altercations resulted in his arrest for domestic violence. Moreover, in making its ruling as to Ms. Nieves' freedom from fault, the trial court made a credibility determination, finding that Ms. Nieves was "extremely credible." That finding is entitled to great deference. It was well within the trial court's purview to make that credibility judgment, and this court should not disturb reasonable assessments of credibility and reasonable inferences of fact on appeal. *Hebert*, 974 So.2d 635. Because nothing in the record indicated the trial court's determination was manifestly erroneous, this assignment of error is without merit.

For the above reasons, the decision of the trial court is hereby affirmed. Costs of this appeal are assessed against Mr. Nieves.

**AFFIRMED.**

This opinion is NOT DESIGNATED FOR PUBLICATION. Uniform Rules—Courts of Appeal. Rule 2–16.3.