DUFRESNE, Judge.
Richard Nance (plaintiff) instituted this litigation by filing a Petition for Separation against his wife, Brenda Nance (defendant), who thereafter reconvened seeking a divorce and alimony. Upon the trial of this matter, the court granted a divorce based on the parties having lived apart for more than one year (LSA-R.S. 9:301) and determined that the parties were mutually at fault, effectively denying defendant’s request for alimony.
Defendant appeals the trial court’s finding of fault on her part and argues that she was free of the type of fault which would have deprived her of alimony, LSA-C.C. art. 160; Adams v. Adams, 389 So.2d 381 (La.1980).
Defendant argues that she should not be deprived of alimony per C.C. art. 160, simply because she has not been blameless in the mutual discord. Baham v. Baham, 456 So.2d 1032 (La.App. 5th Cir., 1984). To constitute fault which will prohibit a spouse from art. 160 alimony, the spouse’s conduct must be not only of a serious nature but also be an independent contributory or a proximate cause of the separation. Pearce v. Pearce, 348 So.2d 75 (La.1977).
In its oral reasons for judgment given from the bench after the trial, the court stated:
“Insofar as fault is concerned, the court finds that while the husband might be greatly at fault, the wife also has some fault because of her testimony which she just gave saying that when the father (i.e. defendant’s father-in-law) died that the mother (i.e. defendant’s mother-in-law) made some kind of problem to them and that problem changed the relationship that existed between them. Therefore, the court finds that the divorce will be granted on the grounds of mutual fault, since the wife was not free of fault.”
The trial court was referring to testimony given by the defendant about her relationship with her mother-in-law. At the time of trial, plaintiff testified that he purchased property in Lacombe, Louisiana to have a retirement home and a place to escape to on the weekends. However, he had little pleasure because his mother had moved to the property bordering the La-combe property and the defendant did not go with him often. Plaintiff contends that from the time his mother moved to La-combe in 1976, until their separation in 1986, defendant resented her mother-in-law and her husband for that move.
There are assertions that both parties had problems handling the marriage, because of economic, sexual and family difficulties. Carefully reviewing the record we find very little harmonious union between the parties.
The trial court’s finding of facts was based upon the evidence presented and our review of its determination will be to *89 ascertain whether it is clearly wrong. A trial judge has great discretion in making the determination of what testimony is to be believed and what testimony is to be given weight when making his decision. The issue of fault by a party in the dissolution of a marriage is factual and the trial court’s resolution of that issue will not be disturbed unless it is clearly wrong. Pearce v. Pearce, supra, and Lamb v. Lamb, 460 So.2d 634 (La.App. 3rd Cir.1984).
This divorce action, like most domestic proceedings, was presented by means of testimony of the parties. It is the trial court’s position that it made a determination of the facts based upon the court’s experience and application of the law. When a trial court makes factual conclusions which are based on the testimony of the parties who are the witnesses in the action, the trial court makes the determination as to the credibility of those parties and that determination is to be accorded very substantial weight on review.
“On appellate review of a judgment granting a separation from bed and board based on conflicting factual evidence, this court should not substitute its judgment for that of the trial judge who listened to and observed the witnesses, but rather should affirm the finding of the trial judge if there is any evidence in the record to support his conclusion. Where both sides present substantial evidence and the trial judge choses to accept the evidence of one side and reject that of the other, we should not reverse this determination.” Gurtner v. Gurtner, 258 So.2d 148 (La.App. 4th Cir.1972).
Although defendant is correct, that mutual incompatibility is insufficient for a determination of fault; here, the trial court found sufficient facts to support fault on the part of both spouses, enough to bar alimony.
In this area of our law, much discretion must be vested with the trial court’s evaluation of the weight of evidence which is to be resolved primarily on the basis of the credibility of the witnesses. The trial court, having observed the demeanor of the witnesses, is in the better position to rule on their credibility, Pearce, supra.
In Louisiana, a spouse seeking alimony pursuant to C.C. art. 160, bears the burden of proving herself (in this case) free from fault (as well as demonstrating insufficient means for support). We agree with the trial court and find defendant’s fault an independent ground for the dissolution of this marriage. Furthermore, we cannot say that the trial court was clearly wrong in determining defendant was not free from fault.
For these reasons, we affirm the trial court’s decision.
AFFIRMED.
BOWES, J., concurs in part.