586 So.2d 643 (1991)
Morris BATISTE
v.
Patricia Sterling BATISTE.
Nos. 91-CA-157, 91-CA-158.
Court of Appeal of Louisiana, Fifth Circuit.
September 18, 1991.
*644 Gilbert E. Stampley, New Orleans, for plaintiff/appellant.
Mary Hotard Becnel, LaPlace, for defendant/appellee.
Before WICKER and GOTHARD, JJ., and FINK, J. Pro Tem.
WICKER, Judge.
Morris Batiste appeals a judgment which found his divorced wife, Patricia Batiste, free of fault and which awarded her permanent alimony of $400.00 per month. We affirm.
Mr. and Mrs. Batiste had been married for almost twenty-four years when Mrs. Batiste left the matrimonial domicile. Mr. Batiste sued for a separation based upon his wife's abandonment. Mrs. Batiste ultimately obtained a separation on the grounds of having lived separate and apart for a period in excess of six months. No ruling was ever made on Mr. Batiste's allegations of abandonment, and the judge awarded her $400.00 per month alimony pendente lite.
Mr. Batiste filed for a divorce on the grounds of having lived separate and apart for six months since the judgment of separation. The judge granted Mrs. Batiste the divorce, found her free of fault and awarded her $400.00 per month in permanent alimony.
Mr. Batiste alleges that Mrs. Batiste proved neither freedom from fault nor insufficient means as required by La.C.C. art. 112 (formerly La.C.C. art. 160). Mrs. Batiste argues that the judge's findings are supported by the evidence and that there is no manifest error in his rulings on fault and alimony. We agree with Mrs. Batiste.
In order to obtain permanent alimony, Mrs. Batiste must prove that she was without fault in the breakup of her marriage and that she has insufficient means for her own support. The judge must consider the relative means and assets of the parties, the liquidity of their assets, their financial obligations, their relative earning capacity, necessity for training or education, their relative health and age, and any other relevant circumstances. La.C.C. art. 112.
*645 The burden of proving freedom from fault was Mrs. Batiste's. Wheelahan v. Wheelahan, 557 So.2d 1046 (La.App. 4th Cir.1990), writ denied 559 So.2d 1379 (La. 1990). "`[F]ault' contemplates conduct or substantial acts of commission or omission by the wife violative of her marital duties and responsibilities....." It must "be an independent contributory or proximate cause of the separation." Pearce v. Pearce, 348 So.2d 75, 77 (La.1977). Abandonment, which was alleged and must be proven by Mr. Batiste, contemplates three elements: (1) that Mrs. Batiste left the marital dwelling (2) without lawful cause and (3) has constantly refused to return. Robichaux v. Robichaux, 525 So.2d 321 (La.App. 1st Cir.1988).
Mrs. Batiste testified she left her husband because of his physical and verbal abuse, which seems to have been caused by Mr. Batiste's belief that his wife was having an affair with a mutual friend. She vehemently denied any affair or improper relationship with this man or any other man. She and Mr. Batiste reconciled following this first separation, but the accusations and abuse continued. Mr. Batiste slapped her, grabbed her around the neck, beat her on the knees with a shoe, and threatened to kill her. One time she had to go to the hospital for treatment. She never told anyone of this abuse at the time because she is a very private person. After about four months, she left her husband again for the same reasons: accusations and abuse. She testified that she had always been a good and faithful wife.
Mr. Batiste, on the other hand, testified his wife abandoned the marital home because they were having marital problems and she didn't want to face reality and talk about it. All he did was ask her about her relationship with their mutual friend, and she admitted an extramarital relationship. He heard her refer to him on the telephone as "Mr. Batiste" and that's why he suspected her of having an affair. Mr. Batiste said he never mistreated his wife but only argued about the problems they were having. He forgave her, but Mrs. Batiste refused to return.
None of the other witnesses, friends and relatives of the parties, ever witnessed any unpleasantness between Mr. and Mrs. Batiste.
We believe, as did the judge, that Mrs. Batiste has proven her freedom from fault. Fact findings on the issue of fault "will not be disturbed on appeal unless found to be manifestly erroneous." Pearce, supra at 78.
Mrs. Batiste is a fifty-year-old cook in a day care center earning $500.00 per month gross. Her net pay is $440.00, and her listed expenses are $820.00 per month. Not listed are all her expenses for medical and dental care which are not covered by her husband's insurance and the income tax liability, if any, for alimony.
Mr. Batiste is employed by Monsanto Chemical at a monthly gross of $3,396.00. He testified this would probably be less in the future due to cutbacks on overtime. He listed expenses of $1,411.00 a month. However, this includes some items that are very high, such as $300.00 per month for clothing and $200.00 per month for automobile insurance on four vehicles, including the one Mrs. Batiste drives. It also includes one unexplainable item, $125.00 per month in "miscellaneous" expenses. Mr. Batiste also claims sole ownership of the former marital home and a partnership interest in real estate purchased for investment purposes.
We agree with the judge that Mrs. Batiste has clearly shown she has insufficient means for her own support, and we believe the award of $400.00 per month to be a reasonable one. "In fixing the amount of support, the trial judge is vested with considerable discretion." Pearce, supra at 78. We do not believe there has been any abuse of the trial court's much discretion.
We affirm the judgment which finds Patricia Batiste free of fault and awards her $400.00 per month in permanent alimony. Morris Batiste must pay the cost of this appeal.
AFFIRMED.