liKLIEBERT, Chief Judge.
Plaintiff, Jane O’Leary Manzanares, appeals from a judgment denying her request for permanent alimony from defendant, Rene S. Manzanares.
On appeal, plaintiff argues that the trial court erred in determining that she was not free from fault. We affirm.
The parties were married in September, 1964 and established a matrimonial domicile in Jefferson Parish, Louisiana. No children were born of the marriage. The parties physically separated in February, 1989. In June, 1992, Mrs. Manzanares filed a petition for divorce on the basis of the parties having lived separate and apart for more than one year without reconciliation. In her petition, she sought a divorce and alimony pendente lite.
By judgment rendered in August, 1992, Mr. Manzanares was ordered to pay plaintiff $450.00 per month to pay the house note on plaintiffs residence and to maintain health insurance on plaintiff as alimony pendente lite.
The alimony pendente lite was terminated on October 29, 1992 without prejudice by judgment signed on November 6, 1992. A judgment of divorce was rendered between the parties on December 18, 1992. In July, 1993, plaintiff filed a rule for permanent alimony. By judgment rendered on February 4, 1994, the trial court | gfound plaintiff not to be free from fault and denied plaintiffs rule for permanent alimony.
Permanent alimony may only be awarded to a spouse who has not been at fault in the termination of the marriage. LSA-C.C. Art. 112; Adams v. Adams, 389 So.2d 381, 382 (La.1980). Under Article 112, a spouse seeking permanent alimony has the burden of proving freedom from fault. Batiste v. Batiste, 586 So.2d 643 (La.App. 5th Cir.1991). To be legally at fault, a spouse must be guilty of misconduct which compels a separation because the marriage is unsupportable. Brewer v. Brewer, 573 So.2d 467, 469 (La.1991). To constitute fault which will prohibit a spouse from permanent alimony, the spouse’s conduct must be not only of a serious nature but also be an independent contributory or a proximate cause of the separation. Pearce v. Pearce, 348 So.2d 75 (La.1977).
A trial court’s findings of fact relative to the issue of fault in domestic cases are entitled to great weight and will not be overturned on appeal absent manifest error. Mathews v. Mathews, 614 So.2d 1287 (La.App. 2nd Cir.1993); Nance v. Nance, 548 So.2d 87 (La.App. 5th Cir.1989).
In this case, plaintiff testified that the defendant abandoned her in 1989 and had mistreated her during the time they lived together. She stated that she left before Thanksgiving in 1988 to visit her family in Florida and returned to the family home sometime after Christmas of that year. She stated that she informed the defendant of her trip to Florida prior to leaving. She further testified that the defendant refused to speak to her while she was in Florida and that the defendant complained constantly about the medical bills incurred as a result of plaintiffs medical condition.
Michelle Manzanares testified that the parties argued often and never got along. She stated that the defendant left the family home upon plaintiff’s return from Florida due to “some bills.”
The defendant testified that the plaintiff informed him that she was leaving to see her son in Florida prior to Thanksgiving in | ¡>1988 and did not return until January, 1989. He stated that the plaintiff had obtained $1,000.00 from a credit card account prior to her Florida trip without discussing this with him. He further stated that the plaintiff did not tell him why she was going to Florida and did not tell him when and whether she was going to return. He further testified that plaintiff handled the finances for the family and had failed to pay an overdue telephone bill of $380.00 and their credit card accounts which were two or three months overdue. He had the phone disconnected due to the large overdue phone bill. He stated that when the plaintiff returned to the family home in January, 1989, he attempted *1104 to discuss their financial situation with her. He told her he was going to handle their finances and she refused to accept this idea. He stated that this was one of the reasons for the marriage breakup and that they could not agree on anything from that point forward. According to defendant, this disagreement led to more arguments and their relationship deteriorated because she didn’t like the idea of him handling the finances. He left the matrimonial domicile in February, 1989.
In this area of the law, much discretion is vested with the trial court’s evaluation of the evidence on the basis of the credibility of the witnesses. Based on our review of the entire record, we cannot conclude that the trial court was clearly wrong in determining that the plaintiff was not free from fault and that the plaintiffs fault was an independent contributory or proximate cause of the separation between the parties.
For these reasons, we affirm the trial court’s decision. Plaintiff-appellant is cast for all costs.

AFFIRMED.