819 So.2d 496 (2002)
Cedric SAINE
v.
CITY OF SCOTT, Sgt. Byron Romero, & ABC Insurance Co.
No. 2002-265.
Court of Appeal of Louisiana, Third Circuit.
June 12, 2002.
*497 John F. Wilkes, III, Stacy J. McQullin, Borne & Wilkes, L.L.P., Lafayette, LA, for Defendants/Appellants, City of Scott, and Byron Romero, in his official capacity as a police Officer for the city of Scott.
James Kirk Piccione, Piccione & Piccione, Clement Story, III, Attorney at Law, Lafayette, LA, for Plaintiff/Appellee, Cedric Saine.
Court composed of SYLVIA R. COOKS, JIMMIE C. PETERS, and GLENN B. GREMILLION, Judges.
COOKS, Judge.
City of Scott, Sergeant Byron C. Romero (in his official capacity as a police officer for the City of Scott), and ABC Insurance Company (Defendants) appeal the judgment of the trial court awarding medical expenses and $15,000.00 in damages to plaintiff, Cedric Saine (Mr. Saine), for injuries he sustained after Officer Romero negligently placed handcuffs on him. We affirm.

FACTS
On the evening of May 11, 1999, Deputy Louis Burgess of the Lafayette Parish Sheriffs Office, stopped Mr. Saine for a routine investigatory stop. After initiating the investigation, Deputy Burgess discovered Mr. Saine had been driving with a suspended license, in addition to other minor traffic violations. Deputy Burgess turned Mr. Saine over to Officer Romero in order to have him placed under arrest. Officer Romero then placed handcuffs on him. Mr. Saine testified he indicated several times to Officer Romero the handcuffs were too tight, but Officer Romero did not loosen them. He also stated he informed another officer, Officer Jerry Braun of the Scott Police Department, the cuffs were *498 too tight, and still no one loosened the cuffs. Mr. Saine further alleged he was left in the back of a police car with the handcuffs on too tightfor over one hour. As a result, Mr. Saine stated he suffered injuries to his hands and fingers, and sustained severe nerve damage to his wrist. Mr. Saine was booked and released within forty-five (45) minutes of his arrival at the police department, and immediately visited Our Lady of Lourdes Hospital for treatment of his injuries upon he release.
Mr. Saine filed a petition against Officer Romero; and, relying on the doctrine of respondeat superior, named as additional defendants Romero's employer, the City of Scott, and his employer's insurer, ABC Insurance. The complaint alleged Officer Romero took Saine into custody and negligently caused injuries to his wrists.[1] The trial court agreed, finding Officer Romero breached a duty owed to Mr. Saine by negligently placing handcuffs on him, such that the breach caused Mr. Saine's injuries. The trial court awarded Mr. Saine $15,000.00 in damages, and $7,563.24 for past medical expenses, plus interest from the date of demand, and assessed all costs of the trial proceeding against Defendants. This appeal by Defendants ensued.

STANDARD OF REVIEW
It is well settled that a court of appeal will ordinarily not set aside a trial court's finding of fact unless it is clearly wrong. Arceneaux v. Domingue, 365 So.2d 1330 (La.1978). Indeed, the Louisiana Supreme Court has stated, "[a]n appellate court should not disturb a trial court's factual findings when there is sufficient evidence in the record to provide a reasonable basis for those findings." Goings v. State through Dept. of Pub. Safety and Corrections, 94-1386, p. 6 (La.1/17/95); 648 So.2d 884, 887. Thus, the appellate court's function is not to decide factual issues de novo, but to determine whether the fact finder's conclusions were reasonable. Riley v. Winn-Dixie Louisiana, Inc., 489 So.2d 931 (La.App. 5 Cir.), writ denied, 494 So.2d 329 (La.1986); Arceneaux, 365 So.2d 1330. That is not to say that Louisiana appellate courts do not have jurisdiction to review factual findings de novo. Arceneaux, 365 So.2d 1330. Louisiana courts have jurisdiction over both law and facts. Riley, 489 So.2d 931. Where a record indicates conflicting testimony, a trial court's reasonable evaluation of the witnesses' credibility and reasonable inferences of facts, should not be disturbed. In re Dravo Basic Materials Co., Inc., 604 So.2d 630 (La.App. 1 Cir.1992); Nance v. Nance, 548 So.2d 87 (La.App. 5 Cir.1989).

DISCUSSION
Defendants contest the trial court's conclusion Officer Romero negligently placed handcuffs on Mr. Saine and thereby caused his injuries. After thorough review of the record, we cannot say the trial court's findings were clearly wrong or unreasonable.
To prevail on a negligence claim, a plaintiff must establish that the defendant had a duty to conform his conduct to a specific standard, the defendant failed to conform his conduct to the appropriate standard, the defendant's substandard conduct was the cause-in-fact of the plaintiffs injuries, the defendant's substandard conduct was the legal cause of the plaintiffs injuries, and that the plaintiff sustained actual damages. See Johnson v. Bennett, *499 27,051 (La.App. 2 Cir. 6/21/95); 658 So.2d 712; Townley v. City of Iowa, 97-493 (La. App. 3 Cir. 10/29/97); 702 So.2d 323. "[A] defendant takes his victim as he finds him and is responsible for all natural and probable consequences of his tortious conduct." Rhodes v. State, Through Dept. of Trans. and Dev., 94-1758, p. 13 (La.App. 1 Cir. 12/20/96); 684 So.2d 1134, 1144.
The trial court found Officer Romero's tortious conduct was his negligent placing of handcuffs on Mr. Saine. The court stated,
The Court finds that there exist, in this particular situation, a duty. A duty is imposed when a person is taken into custody by an arresting Officer. The Court finds that the plaintiff has proven a breach of that duty and causation. The testimony of Dr. Morrow, specifically, that this injury was consistent with the history which plaintiff gave, it was a quote "circumferential constrictive injury." There was no evidence presented the plaintiff resisted the handcuffs or was trying to get out of the handcuffs. And the doctor concluded, and I quote, `The handcuffs were the cause of the injury.' And there were substantial injuries which resulted therefrom.
It is apparent the trial court applied the standard duty/risk analysis and subsequently concluded Officer Romero breached a duty owed to Mr. Saine. We find ample evidence in the record to support the court's findings. Dr. Robert Morrow, the orthopedic surgeon who treated Mr. Saine, testified the excessive tightness of the handcuffs was the direct cause of Mr. Saine's injuries. It is clear the court heavily relied on Dr. Morrow's testimony, and the court was well within its discretion to do so. See Goings, 648 So.2d 884. The trial court also found reliable Mr. Saine's testimony he told Officer Romero and Officer Braun the handcuffs were too tight and they failed to loosen the cuffs. The record additionally reveals, prior to the incident, Mr. Saine never experienced problems with his hands or wrists. Further, Mr. Saine never delayed in seeking medical attention for his injuries. Indeed, he was treated at Our Lady of Lourdes Hospital almost immediately after his release from the police station. Finally, the trial court found no evidence Mr. Romero resisted arrest or attempted to get out of the handcuffs, thus contributing to his own injuries, and, there was no reasonable explanation offered by Defendants to account for Mr. Saine's injuries after he was taken into custody.
Defendants proffer four assignments of error. We have carefully reviewed their arguments and find them all without merit. The first three assignments raised by Defendants essentially challenge the trial court's factual findings. They argue the trial court erred in finding Mr. Saine met his burden of proof, in evaluating the credibility of the witnesses, and in determining Mr. Saine was not the cause of his own injuries. We find Defendants proffered no evidence to controvert Dr. Morrow's or Mr. Saine's testimony. In short, Defendants simply denied Mr. Saine's allegations and failed to substantively contradict the witnesses' testimony or the medical proof presented by Mr. Saine.
In their fourth assignment of error, Defendants contend the trial court erred in failing to rule Officer Romero and City of Scott were immune from liability under La.R.S. 9:2798.1. We find this assignment without merit as well.
This court has previously stated, "[u]nder certain circumstances, La.R.S 9:2798.1 provides immunity from liability for certain acts carried out by police officers in the course of their duties." Ducote v. City of Alexandria, 95-1269, pp. 2-3 *500 (La.App. 3 Cir. 7/17/96); 677 So.2d 1118, 1120. La.R.S. 9:2798.1 provides as follows:
§ 2798.1. Policymaking or discretionary acts or omissions of public entities or their Officers or employees
A. As used in this Section, "public entity" means and includes the state and any of its branches, departments, offices, agencies, boards, commissions, instrumentalities, Officers, officials, employees, and political subdivisions and the departments, offices, agencies, boards, commissions, instrumentalities, Officers, officials, and employees of such political subdivisions.
B. Liability shall not be imposed on public entities or their Officers or employees based upon the exercise or performance or the failure to exercise or perform their policymaking or discretionary acts when such acts are within the course and scope of their lawful powers and duties.
C. The provisions of Subsection B of this Section are not applicable:
(1) To acts or omissions which are not reasonably related to the legitimate governmental objective for which the policymaking or discretionary power exists; or
(2) To acts or omissions which constitute criminal, fraudulent, malicious, intentional, willful, outrageous, reckless, or flagrant misconduct.
D. The legislature finds and states that the purpose of this Section is not to reestablish any immunity based on the status of sovereignty but rather to clarify the substantive content and parameters of application of such legislatively created codal articles and laws and also to assist in the implementation of Article II of the Constitution of Louisiana.
Defendants' reliance on La.R.S. 9:2798.1 to support their argument that an officer's action in handcuffing his or her suspect is protected conduct is misplaced. See Goings, 648 So.2d 884; see also Bryan v. City of New Orleans, 98-1263 (La.1/20/99); 737 So.2d 696. Cf. Johnson, 658 So.2d 712. "This statute [La.R.S. 9:2798.1] does not protect against legal fault or negligent conduct at the operational level, but only confers immunity for policy decisions; i.e. decisions based on social, economic, or political concerns." Chaney v. Nat. R.R. Passenger Corp., 583 So.2d 926, 929 (La. App. 1 Cir.1991) (emphasis added); Ducote, 677 So.2d 1118. Thus, "[t]he exception protects the government from liability only at the policy making or ministerial level, not at the operational level." Fowler v. Roberts, 556 So.2d 1, 15 (La.1989), on rehearing; see also Rick v. State, Dept. of Transp. and Dev., 93-1776, (La.1/14/94); 630 So.2d 1271, rehearing denied, (holding that "[d]ecisions at an operational level can be discretionary if based on policy."). Determining whether the Fowler-exception applies requires a two-step inquiry.
First, a court must determine whether the action is a matter of choice. If no options are involved, the exception does not apply. If the option involves selection among alternatives, the court must determine whether the choice was policy based.
Rick, 630 So.2d at 1276.
It is clear in the instant case that Officer Romero had no choice in properly applying the handcuffs to Mr. Saine. That is, he had a duty to apply them in a non-negligent manner. An arresting officer owes a duty to the person in the Officer's custody to protect him or her from injury and to care for his or her safety. See Evans v. Hawley, 559 So.2d 500 (La.App. 2 Cir.1990). "The Officer must do what is reasonable under the circumstances and is liable only for a certain category of risks to which his prisoner is subjected." Id. at 504. Defendants' own *501 testimony establishes that officers are required to double lock an arrestee's handcuffs and then insert two fingers between them to assure the cuffs are not too tight. Apparently this procedure is required to prevent an arrestee from suffering injuries that could result from excessively tight handcuffs. As noted, the trial court found Officer Romero applied the cuffs too tight and failed to loosen them after being informed by Mr. Saine they were too tight. We find sufficient evidence in the record to support this finding. Officer Romero's action, i.e., his failure to loosen the cuffs after Mr. Saine informed him they were too tight, was an operational task that did not require him to make a policy decision. That is, the decision was not based on "social, economic, or political concerns." Chaney, 583 So.2d at 929. He was required to place the cuffs on him in a non-negligent manner. Once Mr. Saine was in his custody, Romero had a legal duty to protect him from injury. The trial court found as a matter of fact Officer Romero breached that duty, thereby causing Mr. Saine's injuries; and neither he nor the City of Scott have immunity from liability under La.R.S 9:2798.1. We agree.

DECREE
For the forgoing reasons, the judgment of the trial court awarding judgment in favor of Mr. Saine is affirmed. All costs of this proceeding are assessed against the Appellants, City of Scott, Sergeant Byron C. Romero, and ABC Insurance Company.
AFFIRMED.
NOTES
[1] The record also reveals Saine also filed a claim alleging violations under 42 U.S.C. § 1983 of the Civil Rights Act. The suit was removed to federal court and later dismissed on grounds of qualified immunity. The negligence claim was re-filed in state court, ensuing into the current proceedings.