STATE OF LOUISIANA

COURT OF APPEAL, THIRD CIRCUIT

10-887

BRONEL HEBERT

VERSUS

QUINTEN ADCOCK, ADI THAMMAVONG,
AND CITY OF NEW IBERIA THROUGH
ITS MAYOR, RUTH FONTENOT


**********

APPEAL FROM THE
SIXTEENTH JUDICIAL DISTRICT COURT
PARISH OF IBERIA, NO. 101107-G
HONORABLE CHARLES L. PORTER, DISTRICT JUDGE

**********

JAMES T. GENOVESE
JUDGE

**********

Court composed of Jimmie C. Peters, Elizabeth A. Pickett, and James T. Genovese, Judges.

**AFFIRMED IN PART; REVERSED IN PART.**

Randall B. Keiser
D. Heath Trahan
Keiser Law Firm, P.L.C.
Post Office Box 12358
Alexandria, Louisiana  71315
(318) 443-6168
COUNSEL FOR DEFENDANTS/APPELLANTS:
    City of New Iberia, Quinten Adcock, and
    Scott Davis

April Petry Defelice
Law Office of April Petry Defelice, L.L.C.
230 West Main Street
New Iberia, Louisiana  70560-3735
(337) 364-1275
COUNSEL FOR PLAINTIFF/APPELLEE:
    Bronel Hebert

**GENOVESE, Judge.**

Plaintiff, Bronel Hebert, filed suit for damages against Defendants, City of New Iberia, Quinten Adcock, and Scott Davis.[1] Mr. Hebert alleges he sustained personal injury and property damage when New Iberia City Police Officers Adcock and Davis entered his home to execute a search warrant that he alleges was improvidently obtained. At trial, at the close of Mr. Hebert's case, Defendants moved for an involuntary dismissal. The trial court took no action on the motion, and Defendants presented their evidence. At the close of trial, the trial court took the matter under advisement and later rendered a judgment denying Defendants' motion for involuntary dismissal and awarding Mr. Hebert a lump sum of $40,000.00 in damages. Defendants have appealed. For the following reasons, we affirm in part and reverse in part.

## FACTUAL AND PROCEDURAL HISTORY

On August 10, 2002, Officer Davis received information from a confidential informant (CI) that an individual named Darrel had received a large amount of marijuana at a residence located at 113 Doris Street, New Iberia, Louisiana. The CI told Officer Davis that Darrel declared to him that he planned to quickly move the marijuana from the residence to avoid detection. Officer Davis relayed this information to Officer Adcock. Officer Adcock prepared an affidavit for a search warrant, which was presented to and signed by Judge Keith Comeaux.

The search warrant was executed upon the residence located at 113 Doris Street, New Iberia, Louisiana. Mr. Hebert claims he was injured during the police officers' entry into his residence. Mr. Hebert filed suit against the City of New Iberia,

---

[1] Though originally named as a defendant, Adi Thammavong was dismissed from this matter, and Scott Davis was named as a defendant in Plaintiff's Second Supplemental and Amending Petition for Damages filed on October 21, 2008.

Officer Davis, and Officer Adcock for damages to his person and property. Defendants denied Mr. Hebert's claims and asserted immunity pursuant to the provisions of La.R.S. 9:2798.1.

A bench trial was held on April 22, April 24, and May 8, 2009. The trial court issued written Reasons for Judgment on October 12, 2009, wherein it ruled, in pertinent part:

[T]his court grants the following relief:

    A.    Judgment overruling and/or denying Defendants' motion for involuntary dismissal;

    B.    Judgment declaring a reasonably competent police officer, under similar circumstances, would not apply for a search warrant, based upon an affidavit containing misleading statements about the reliability of the confidential informant, the police officer knew were false or would have known were false, except for reckless disregard of the truth;

    C.    Judgment declaring Defendants, Adcock and Davis, violated the rights of Bronel Hebert against unreasonable searches, seizures, and/or invasions of privacy under federal[2] and state constitutional law and statutory civil law principles of fault arising from a search of his residence on or about August 10, 2002;

    D.    Judgment in favor of Bronel Hebert against Adcock and Davis, in their official capacities as police officers employed by the City of New Iberia, Louisiana, in the full and true sum of FORTY THOUSAND AND NO/100 ($40,000.00) DOLLARS for general and special damages, together with judicial interest from date of judicial demand and all costs of these proceedings[.]

### ISSUES

The following issues are presented by Defendants for review:

(1)    [w]hether [Mr. Hebert] introduced any evidence showing that Officer Davis' security sweep was unreasonable;

---

[2]No federal claims were proven at trial, and this reference was not included in the trial court's Judgment dated January 4, 2010.

(2) [w]hether [Mr. Hebert] proved that Officer Adcock engaged in any activity that renders him liable for the foot injury[;]

(3) [w]hether an officer has discretion in the manner in which he executes a security sweep while executing a search warrant[;]

(4) [w]hether [Mr. Hebert] introduced any evidence showing that either officer acted in bad faith[; and,]

(5) [w]hether the officers reasonably relied on the warrant.

## ASSIGNMENTS OF ERROR

On appeal, Defendants raise the following assignments of error:

(1) Officer Davis Did Not Breach the Duty of Reasonableness, And Thus Cannot Be Held Liable. The Trial Court Erred In Rendering Judgment Against Him.

(2) Officer Adcock Cannot Be Held Liable Because the Warrant Issue Is Irrelevant, And Because the Warrant Was Nevertheless Supported by Probable Cause. The Trial Court Erred In Rendering Judgment Against Him.

(3) The Trial Court erred When It Denied the Officers' Defense of Policymaking or Discretionary Act or Omission Immunity.

(4) The Trial Court erred When It Denied the Officers' "Good Faith" Immunity.

(5) The Trial Court erred When It Denied the Officers' Defense of "Warrant Immunity."

(6) The Award of Costs Must be Reversed if Liability is Reversed.

## DISCUSSION

### Standard of Review

It is well settled that a court of appeal will ordinarily not set aside a trial court's finding of fact unless it is clearly wrong. *Arceneaux v. Domingue*, 365 So.2d 1330 (La.1978). Indeed, the Louisiana Supreme Court has stated, "[a]n appellate court should not disturb a trial court's factual findings when there is sufficient evidence in the record to provide a reasonable basis for those findings." *Goings v. State through Dept. of Pub. Safety and Corrections*, 94-1386, p. 6 (La.1/17/95); 648 So.2d 884, 887. Thus, the appellate court's function is not to decide factual issues *de novo*, but to determine whether the fact finder's

3

conclusions were reasonable. *Riley v. Winn-Dixie Louisiana, Inc.*, 489 So.2d 931 (La.App. 5 Cir.), *writ denied*, 494 So.2d 329 (La.1986); *Arceneaux*, 365 So.2d 1330. That is not to say that Louisiana appellate courts do not have jurisdiction to review factual findings *de novo*. *Arceneaux*, 365 So.2d 1330. Louisiana courts have jurisdiction over both law and facts. *Riley*, 489 So.2d 931. Where a record indicates conflicting testimony, a trial court's reasonable evaluation of the witnesses' credibility and reasonable inferences of facts, should not be disturbed. *In re Dravo Basic Materials Co., Inc.*, 604 So.2d 630 (La.App. 1 Cir.1992); *Nance v. Nance*, 548 So.2d 87 (La.App. 5 Cir.1989).

*Saine v. City of Scott*, 02-265, p. 2 (La.App. 3 Cir. 6/12/02), 819 So.2d 496, 498.

### *Search Warrant*

Mr. Hebert argues that the search warrant was improvidently obtained. In brief, he alleges that Officers Davis and Adcock "recklessly disregarded the law by giving flawed information to a judge, intentionally mischaracterizing the reliability of an informant in order to obtain a warrant[,] and using that faulty warrant to invade the property and privacy of an innocent citizen." Mr. Hebert further asserts that "the primary issue at trial was whether the officers breached the duty to establish probable cause for a warrant and whether a reasonably competent police officer would have applied for a warrant given these circumstances."

Defendants assert that there was probable cause for the warrant to be issued based on information from a CI: (1) that he had accompanied an individual to 113 Doris Street, New Iberia, on the day of the incident at issue herein; (2) that the individual dropped off a large quantity of marijuana to Darrel at that residence; and, (3) that Darrel said that he planned to move the marijuana from the residence to avoid detection. Defendants contend that because they were acting upon a valid search warrant, they are insulated from liability by the immunity provided in

4

La.R.S. 9:2798.1.[3] Defendants further argue that the trial court erred by failing to treat this matter as a simple negligence case with the primary issue at trial being whether the officers breached the duty of care owed by an officer executing a search warrant.

Citing *Berkovitz v. United States*, 486 U.S. 531, 108 S.Ct. 1954 (1988), the trial court found that Defendants were not immune from liability under La.R.S. 9:2798.1 because La.Code Crim.P. art. 162[4] specifically prescribed a course of action; thus, Defendants did not have an element of choice. The trial court found:

> Because the police officer requesting the search warrant was mandated to follow the requirements set forth by article 162, this court determines that the officer acted at the operational level – a level to which immunity does not extend. Hence, the defendants may not escape liability for damages incurred by Mr. Hebert to his person and property.

The trial court concluded that Officers Davis and Adcock hastily procured the search

---

[3]Louisiana Revised Statutes 9:2798.1 provides, in pertinent part:

. . . .

B. Liability shall not be imposed on public entities or their officers or employees based upon the exercise or performance or the failure to exercise or perform their policymaking or discretionary acts when such acts are within the course and scope of their lawful powers and duties.

C. The provisions of Subsection B of this Section are not applicable:

(1) To acts or omissions which are not reasonably related to the legitimate governmental objective for which the policymaking or discretionary power exists; or

(2) To acts or omissions which constitute criminal, fraudulent, malicious, intentional, willful, outrageous, reckless, or flagrant misconduct.

[4]Louisiana Code of Criminal Procedure Article 162 provides:

A search warrant may issue only upon probable cause established to the satisfaction of the judge, by the affidavit of a credible person, reciting facts establishing the cause for issuance of the warrant.

A search warrant shall particularly describe the person or place to be searched, the persons or things to be seized, and the lawful purpose or reason for the search or seizure.

5

warrant; thus, "[t]he actions and omissions of Officers Davis and Adcock constitute reckless conduct."

In this case, the evidence shows that Officer Davis obtained a tip from a CI. Officer Adcock received this information from Officer Davis and prepared an affidavit in support of a warrant to search the residence at 113 Doris Street, New Iberia. The affidavit was presented to and signed by Judge Comeaux. The search warrant was executed; however, no drugs were found, nor was Darrel present at the residence that was the subject of the search. Instead, while the search was being conducted, the owner of the residence, Mr. Hebert, claims to have suffered emotional distress and injury to his toes when a police officer, presumably Officer Davis, either kicked or stepped on his foot. Though no drugs were found, Mr. Hebert testified at trial that an individual named Darrel had been at his home earlier that day. According to Mr. Hebert, Darrel occasionally mowed his lawn and had, on the morning of August 10, 2002, knocked on his door, asking for water and use of his telephone. Mr. Hebert initially refused Darrel's requests, but ultimately relented and gave Darrel some water and allowed him to use his telephone. However, Mr. Hebert stated that Darrel had never lived at his residence and that he did not have any knowledge of Darrel allegedly receiving a delivery at his residence that day.

The trial court relied heavily on the facts and procedure used by the officers in the procurement of the warrant and found that there was no probable cause for the issuance of the warrant. However, the legal issue in this case is whether any defects in the search warrant, curable or otherwise, were the proximate cause of Mr. Hebert's injuries. The appropriate question is not whether, in hindsight, the officers could have investigated more; rather, it is whether the issuance of the search warrant is what

6

proximately caused injury to Mr. Hebert. We find that it was not. Though the issuance of the search warrant was a cause in fact of Mr. Hebert's injury, the proximate cause of Mr. Hebert's injury was the *implementation* of the search itself. Having so found, we reverse the trial court's finding of fault against Officers Davis and Adcock only as it pertains to their procurement of the search warrant.

***Entry of premises***

To prevail on a negligence claim, Mr. Hebert must prove that Defendants owed a duty to him, that Defendants breached the duty, that the breach was the cause of his injuries, and that he sustained damages. *See Rando v. Anco Insulations, Inc.*, 08-1163, 08-1169 (La. 5/22/09), 16 So.3d 1065. A police officer owes a duty of reasonableness when executing a search warrant. *See* La.Code Crim.P. art. 164; *Coutee v. Am. Druggist Ins. Co. of Cincinnati*, 453 So.2d 314 (La.App. 3 Cir.), *writ denied*, 458 So.2d 477 (La.1984). Defendants assert that their entry into and search of Mr. Hebert's home was reasonable; therefore, they are immune from liability pursuant to La.R.S. 9:2798.1. Contrarily, Mr. Hebert contends that the forced entry into his home was unreasonable, and thus, Defendants were negligent and thereby answerable in damages.

Mr. Hebert testified that he was taking a nap in his bedroom when Defendants barged into his home without giving him a chance to answer the door. According to Mr. Hebert, Defendants broke his door frame when they forced his door open and entered his home with their guns drawn. At some point during the fracas, Mr. Hebert's foot was injured.

As held by this court in *Saine*, 819 So.2d at 500:

> "[Louisiana Revised Statutes] 9:2798.1 does not protect against legal fault or *negligent conduct* at the operational level, but only confers

7

immunity for *policy decisions*; i.e. decisions based on social, economic, or political concerns." *Chaney v. Nat. R.R. Passenger Corp.*, 583 So.2d 926, 929 (La.App. 1 Cir.1991) (emphasis added); *Ducote* [*v. City of Alexandria*, 95-1269 (La.App. 3 Cir. 7/17/96),] 677 So.2d 1118. Thus, "[t]he exception protects the government from liability only at the policy making or ministerial level, *not at the operational level.*" *Fowler v. Roberts*, 556 So.2d 1, 15 (La.1989), *on rehearing*; *see also Rick v. State, Dept. of Transp. and Dev.*, 93-1776, (La.1/14/94); 630 So.2d 1271, *rehearing denied*, (holding that "[d]ecisions at an operational level can be discretionary if based on policy[]"). Determining whether the *Fowler*-exception applies requires a two-step inquiry.

> First, a court must determine whether the action is a matter of choice. If no options are involved, the exception does not apply. If the option involves selection among alternatives, the court must determine whether the choice was policy based.

*Rick*, 630 So.2d at 1276.

At trial, there was conflicting testimony as to how the search warrant was executed. Officer Davis testified that he knocked, waited a few seconds, then kicked the door down when instructed to do so by his supervisor, Major Claude Hills. According to Officer Davis, Major Hills was standing beside him. Major Hills testified and categorically denied giving Officer Davis the order to kick down the door. In fact, Major Hills stated that he witnessed the no-knock entry of Officer Davis from a vehicle because he had arrived at the scene just moments before. According to Major Hills, Officer Davis did not knock. Officer Adcock corroborated Officer Davis' testimony that he did knock before kicking down the door soon thereafter.

Louisiana Code of Criminal Procedure Article 224 governs forcible entry when making an arrest.[5] The requirement for knock-and-announce in Louisiana is enunciated as follows:

---

[5]Louisiana Code of Criminal Procedure Article 164 provides "In order to execute a search warrant a peace officer may use such means and force as are authorized for arrest by Title V."

> In order to make an arrest, a peace officer, who has announced his authority and purpose, may break open an outer or inner door or window of any vehicle, watercraft, aircraft, dwelling or other structure, movable or immovable, where the person to be arrested is or is reasonably believed to be, if he is refused or otherwise obstructed from admittance. The peace officer need not announce his authority and purpose when to do so would imperil the arrest.

La.Code Crim.P. art. 224.

There was no evidence presented that Mr. Hebert refused admittance, nor was there any evidence that announcing the officer's authority would imperil the search. It is clear that the trial court relied heavily on Major Hills' testimony, and the court was well within its discretion to do so. *See Goings v. State of La., through Dep't of Pub. Safety and Corrs.*, 94-1386 (La. 1/17/95), 648 So.2d 884. The trial court also found that the decision, or choice, to gain entry into Mr. Hebert's home by kicking down the door was made unilaterally by Officer Davis. We find no manifest error in the trial court's conclusion that there was no justifiable basis for a no-knock entry into Mr. Hebert's home; therefore, the conduct of Officer Davis in entering Mr. Hebert's home and his subsequent "protective sweep" of Mr. Hebert's home is not immune from liability under La.R.S. 9:2798.1 because that statute does not protect against legal fault or negligent conduct at the operational level. Officer Davis' failure to give Mr. Hebert sufficient time to answer the door constitutes negligence that caused Mr. Hebert's injuries, thereby entitling him to damages for the destruction of his property and damages for his personal injury and mental distress. Accordingly, we affirm the trial court's finding of negligence against Officer Davis as it pertains to his negligent entry into Mr. Hebert's home. However, no evidence was presented establishing any negligence on the part of Officer Adcock relative to the entry and search of the premises; therefore, we find Officer Adcock free from

9

fault and not legally responsible for the damages sustained by Mr. Hebert. The trial court's judgment as to Officer Adcock, and Adcock alone, is reversed.

*Damages*

A careful review of appellants' assignments of error and specification of issues reveals that they only seek a review of the trial court's judgment relative to liability. Appellants do not seek a quantum of damage review. Consequently, the issue of damages, vel non, is not before this court and is, therefore, not considered.[6]

## DISPOSITION

For the reasons stated above, the trial court's judgment is reversed only with respect to its finding of liability on the part of Quinten Adcock. In all other respects, the trial court's judgment is affirmed. All costs of this proceeding are assessed against Defendants/Appellants, City of New Iberia and Scott Davis, in accordance with La.R.S. 13:5112, in the amount of $19,636.80.

**AFFIRMED IN PART; REVERSED IN PART.**

---

[6]Uniform Rules—Courts of Appeal, Rule 2–12.4, requires that the appellant's brief state the alleged errors for review.